Commonwealth, Appellant, *v.* Woodley et al.

Submitted November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Louis H. Ceraso* and *James J. Conte,* Assistant District Attorneys, and *Albert M. Nichols,* District Attorney, for Commonwealth, appellant.

*Bernard F. Scherer, John W. Peck, II,* Assistant Public Defender, and *Dante G. Bertani,* Public Defender, for appellees.

OPINION BY HOFFMAN, J., February 27, 1975:

These cases are before this Court on an appeal by the Commonwealth from an Order of Court signed July 5, 1974, discharging the appellees under Rule 1100 of the Pennsylvania Rules of Criminal Procedure and dismissing the charges against them with prejudice.[1]

The criminal complaints initiating these prosecutions were filed on June 13, 1973. A preliminary hearing was held on July 20, 1973, and a decision directing that the appellees be held for court was rendered on July 25, 1973. The Grand Jury of Westmoreland County returned True Bills of Indictment on October 30, 1973, charging the appellees with burglary, larceny, receiving stolen goods, and conspiracy. The cases were initially set for trial on December 5, 1973. Counsel for the appellees, however, desired to present motions to suppress evidence,

---

1. The order of the court below is clearly a "final order." Thus, this Court has jurisdiction to entertain this appeal by virtue of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. III, §302, 17 P.S. §211.302. Because the question involved in this case is purely one of law, the Commonwealth may appeal. See *Commonwealth v. Bosurgi,* 411 Pa. 56, 190 A. 2d 304 (1963) ; *Commonwealth v. Melton,* 402 Pa. 628, 168 A. 2d 328 (1961).

and both the Commonwealth and the defense agreed to continue the cases until the next term of the court. On March 19, 1974, the cases were again ordered continued to the next term of court because a material witness to the prosecution's case was unavailable due to illness. The cases were called for trial on June 24, 1974. During the trial, defense counsel moved for a mistrial which was granted by the court. The appellees then moved for dismissal and discharge pursuant to Rule 1100.

It is clear that the federal constitution requires the states to provide every defendant a speedy trial. *Dickey v. Florida,* 398 U.S. 30 (1970). Article I, Section 9 of the Pennsylvania Constitution also provides that "In all criminal prosecutions the accused hath a right to ... a speedy public trial." In *Commonwealth v. Hamilton,* 449 Pa. 297, 297 A. 2d 127 (1972), our Supreme Court adopted the balancing test announced in *Barker v. Wingo,* 407 U.S. 514 (1972), as the means of determining whether a particular defendant was denied his constitutional right to a speedy trial. The Court stated, however, that the best solution would be the adoption of a rule providing a stated time period in which defendants must be brought to trial: "An alternative to a balancing test is a stated time period within which accused persons must be either brought to trial or released from any threat of prosecution. The theory behind this type of rule is that it eliminates the inherent vagueness encompassed in any balancing process and it avoids the necessity of a court determining a violation of this constitutional right on a case-by-case basis. It is also felt that a mandatory time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars." 449 Pa. at 308, 297 A. 2d at 132-133 (footnote omitted). Rule 1100 was devised pursuant to the opinion in *Hamilton.*

By its very terms, Rule 1100 is inapplicable to the present cases. Rule 1100(a)(1) provides: "Trial in a court case in which a written complaint is filed against

the defendant *after June 30, 1973* but before July 1, 1974 shall commence no later than two hundred seventy (270) days from the date on which the complaint is filed." (Emphasis added) Thus, Rule 1100 is prospective only and it was error for the lower court to apply the Rule to a case where the complaint was filed before June 30, 1973. The Comment to the Rule indicates the reasons underlying the decision not to make it effective immediately: "The Rule is to be prospective only. Furthermore, although the ultimate goal is to require all cases to be tried within 180 days from the filing of a complaint, it is recognized that such a goal cannot be achieved immediately in all counties. The backlog of cases in some urban counties and the present lack of sufficient court terms in some less populous judicial districts would pre-[v]ent the immediate achievement of the goal."

The delay in the instant cases amounted to approximately one year. The appellees attempt to characterize this as "inordinate." We do not agree. The cases were continued twice, both times to the following term of court. One continuance was granted because the defense desired to file pre-trial motions. The second continuance was granted because a witness essential to the prosecution's case was unavailable as a result of illness. The four factors to be considered in the balancing test are the length of the delay, the reason for the delay, the assertion of the right to speedy trial, and prejudice to the accused. On balance, the appellees were not denied their constitutional right to a speedy trial: the delay was only one year, the delay was occasioned by the absence of a material witness, and the appellees assert no prejudice. The Commonwealth has made a bona fide effort to bring these cases to trial.

Order of the court below is reversed and the case remanded for trial.