## Commonwealth v. Laughman

*Oscar F. Spicer, District Attorney*, for Commonwealth.

*Harry C. Stonesiver*, for defendant.

MacPHAIL, *P. J.*, December 19, 1975—This case is before us on a motion by the Commonwealth to extend the time for the commencement of trial under the provisions of subsection (c) of Pa.R.Crim.P. 1100. Defendant opposes the motion.

Subsection (c) provides that we may grant the

Commonwealth's application only if the trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth. Here, the Commonwealth alleges that it cannot proceed because a "key witness" for the Commonwealth cannot be located. Since the rule is of relatively recent origin (June 1973), there are no precedents to guide us.

In Commonwealth v. Woodley, 232 Pa. Superior Ct. 427, 335 A. 2d 526 (1975), the Superior Court, in a case not governed by Pa.R.Crim.P. 1100, held that the absence of a material witness was a justifiable reason for delay, especially where defendant asserted no prejudice. While the reason for the so-called 180-day rule is commendable, its literal application will, in some cases, result in an injustice to the Commonwealth, and instead of aiding and abetting the orderly administration of justice will actually result in impeding that process. We are of the opinion that the "balancing" test which was the Pennsylvania rule relative to speedy trials prior to the adoption of Pa.R.Crim.P. 1100 (see Commonwealth v. Hamilton, 449 Pa. 297, 297 A. 2d 127 (1972)), may, and should, be employed to determine whether the Commonwealth's application should be granted.

Here, we observe that the length of the delay has been ten months, that the reason for the delay is justifiable, that the issue of a speedy trial was not raised by defendant but rather by the Commonwealth, and that defendant has not asserted prejudice. Therefore, we think the application should be granted.

However, Pa.R.Crim.P. 1100(c) requires that we specify the date or period within which the trial must be commenced. The Commonwealth requests

that it be delayed until the witness can be located. To grant that request would, we are certain, violate defendant's constitutional right to a speedy trial.

Accordingly, the following order will be entered.

## ORDER

And now, December 19, 1975, the Commonwealth's motion to extend the time for commencement of trial in the above-captioned matter is granted. It is ordered that the trial shall be commenced during the February trial term, 1976, which commences January 26, 1976.