Commonwealth *v.* Wilson, Appellant.

Submitted November 17, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *Ralph J. Cappy,* Public Defender, for appellant.

*Robert L. Campbell* and *Robert L. Eberhardt,* Assistant District Attorneys, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., February 2, 1976:

This is an appeal from the judgment of sentence imposed upon the appellant, George T. Wilson, following his conviction by a jury of armed robbery.

The events giving rise to appellant's arrest may be summarized as follows. On January 6, 1973, at approximately 7:30 P.M., the appellant and three other men entered a cleaning store in the City of Pittsburgh. Appellant requested change from the store's manager, Ralph Mosco. When Mr. Mosco opened the cash register drawer one of the appellant's accomplices pulled a gun on him and proceeded to take $21.00 from the register. Immediately after the four men departed, Mr. Mosco telephoned the police and told them that he recognized the appellant and one of the other men because both had patronized the store in the past. Two weeks later Mr. Mosco was shown a series of photographs from which he selected the appellant and three other men. Appellant was subsequently arrested on February 9, 1973.

Appellant advances two arguments on this appeal: (1) that he was deprived of his constitutional right to a speedy trial; and (2) the lower court erred in admitting a testimonial reference to a photographic identification. We find both contentions unpersuasive.

Appellant's Sixth Amendment argument is predicated on the following facts. The robbery, as noted earlier, was committed on January 6, 1973. Complaints were filed against all four men on January 27, 1973, and the appellant was arrested on February 9, 1973. True Bills of Indictment were returned by the March, 1973 Grand Jury. Trial was originally scheduled for April 18, 1973. However, five postponements of record occurred between this first date and the eventual date of the commencement of trial, on February 13, 1974. Unfortunately, this trial terminated in a mistrial and appellant was eventually tried on March 27 and April 1, 1974. Thus, the period of delay from appellant's arrest until his first trial was approximately twelve months.

Initially, it is to be noted that Rule 1100 of the Pennsylvania Rules of Criminal Procedure, 19 P.S. Appendix, which currently prescribes the time limits in which a trial shall commence, is inapplicable to the case at bar: the reason being that Rule 1100, by its very terms, applies only to prosecutions commenced by complaints that are filed after June 30, 1973. Instantly, the complaint was filed on January 27, 1973. In *Commonwealth v. Coffey*, 230 Pa. Superior Ct. 49, 53 (1974), we stated that:

> "To cases not affected by the adoption of Rule 1100, our courts have applied the balancing test set forth by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether an accused has been denied his right to a speedy trial. *Commonwealth v. Jones*, 450 Pa. 442, 299 A.2d 288 (1973); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). Under this test, the related factors to be considered together are: the length of the delay; the reason for the delay; the defendant's assertion of his right to a speedy trial; and the prejudice to the defendant from the delay."

Application of this balancing test leads us to conclude that appellant's right to a speedy trial was not abridged.

With respect to the reasons for the delay, the record discloses the following. As previously noted, five postponements occurred between the originally scheduled trial date of April 18, 1973, and the actual commencement of appellant's first trial on February 13, 1974.[1] On April 19, 1973, the first postponement occurred when the case could not be reached. On May 30, 1973, a second postponement was necessitated when the bonds of two co-defendants were forfeited for failure to appear for trial. The third postponement occurred on July 12, 1973,

---

1. This is the trial which ended in a mistrial and was subsequently retried on March 27 and April 1, 1974.

when it was discovered that one of the co-defendants had not been brought into court from the penitentiary. Appellant's case was postponed for the fourth time on October 17, 1973, due to the unavailability of a co-defendant's counsel. The final postponement was granted on January 18, 1974, when the wrong co-defendant was brought in from the penitentiary.

Appellant contends that only the delay caused by the defense-bond forfeiture can be attributed to the defense. The Commonwealth, on the other hand, while taking issue with the contention that it was at fault for the other delays, argues that on the balance the appellant was not prejudiced by the delay.

While we agree with appellant that ultimate responsibility for the majority of the postponements must lie with the Commonwealth, we believe that in view of the reasons assigned for the delays less weight should be accorded this factor.

> "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence or overcrowded courts should be weighted less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than the defendant." (Footnote omitted.) *Barker v. Wingo,* supra at 531.

Here, the delays which must be ascribed to the Commonwealth resulted from negligence and, in one instance, overcrowded courtrooms. In light of the reason for the delay, we place less emphasis on this factor than the other criteria set forth in *Barker v. Wingo.*

As to appellant's assertion of his right to a speedy trial, the first semblance of any such assertion is manifested in a letter he wrote to the Public Defender on December 31, 1973, expressing his awareness of the Act of June 28, 1957, P.L. 428, 19 P.S. §881, providing for

the mandatory disposition of untried indictments against prisoners within 180 days. Assuming that this letter constituted an assertion by appellant of his right to a speedy trial, the significant fact remains that such assertion was not made until almost a year after appellant's arrest and, notwithstanding a mistrial, appellant was tried shortly thereafter.

Finally, appellant has failed to demonstrate any prejudice resulting from the delay. At all relevant times during the delay appellant was incarcerated for another offense. Furthermore, appellant has not offered any evidence establishing that the delay hindered his defense. Indeed the record reveals that appellant neither called nor wished to call any witnesses on his behalf. In light of our evaluation of all the criteria set forth in *Barker v. Wingo,* we conclude that appellant was not denied his right to a speedy trial.

Appellant's remaining argument is that the lower court erred in admitting testimony which, on two occasions, referred to a photographic identification of the four robbers.[2] Appellant submits that in view of the victim's

---

2. The testimony of the victim was as follows:

"Q. When is the first time you came into contact with either of these two police officers?

A. About two weeks later they came in and showed me some pictures of—about a hundred photographs of some gentlemen. I picked four of the hundred out. I picked these four men here." Officer Fox testified as follows:

"Q. O.K. And when you arrived there to talk with Mr. Mosco, what did you do?

A. We showed him pictures, photographs.

Q. And then what happened?

A. He picked out four of them.

Q. And then what did you do?

A. We asked him to go through them again to make certain, also asked him if he was absolutely certain, you know, to make sure it wasn't just picking out people with similar characteristics. But he was absolutely positive of the identification.

positive independent in-court identification, testimonial reference to photographs was irrelevant and unnecessarily raised the possibility of prejudice.

It is well-settled that testimony referring to a photographic identification of the accused may amount to reversible error if the jury could reasonably infer therefrom prior criminal conduct on the part of the accused. *Commonwealth v. Allen,* 448 Pa. 177 (1972) ; *Commonwealth v. Carlos,* 462 Pa. 262, 341 A.2d 71 (1975). However, it is also clear that not every reference to a photographic identification constitutes reversible error. *Commonwealth v. Allen,* supra; *Commonwealth v. Carlos,* supra. The Supreme Court has stated that:

"[T]he controlling question is whether or not a juror could reasonably infer from the facts presented that the accused had engaged in prior criminal activity. A mere passing reference to photographs from which a reasonable inference of prior criminal activity cannot properly be drawn does not invalidate the proceedings since there has been no prejudice as a result of the reference. . . ." *Commonwealth v. Allen,* supra at 181.

In the case at bar, we do not believe that the jury could reasonably have inferred prior criminal conduct on the part of the appellant.

The photographs were never identified or referred to as "mug shots" or as drawn from police files. Compare *Commonwealth v. De Marco,* 225 Pa. Superior Ct. 130 (1973), with *Commonwealth v. Smith,* 454 Pa. 515 (1973).

"In addition, there was no suggestion that the photographic identification was conducted in a Police Identification Unit, or that when the photograph was dis-

---

Q. O.K. and the four pictures that he identified, do you know who they are?

A. Yes, sir.

Q. Who are they?

A. Larry Hill, also George T. Wilson . . ."

played a portion of it had to be deleted or covered over. In other words, aside from the fact that a police detective displayed the photograph, there was nothing else linking it to the police." *Commonwealth v. Carlos,* 341 A.2d 71, 73. Also see *Commonwealth v. McGonigle,* 228 Pa. Superior Ct. 345 (1974).

Furthermore, aside from the two brief references at issue, the photographs were never displayed, admitted or again referred to in a trial comprising over three hundred pages of testimony. See *Commonwealth v. Craft,* 455 Pa. 616 (1974). See also *Commonwealth v. Carlos,* supra. Moreover, the reference was elicited in response to questions simply designed to establish the general investigation conducted by the police. See *Commonwealth v. Bunch,* 454 Pa. 365 (1973). In conclusion then, we hold that the admission of the testimony referring to the photographic identification did not constitute reversible error.

Judgment of sentence affirmed.