Commonwealth, Appellant, *v*. Silver.

222

Submitted June 9, 1975. Before WATKINS, P.J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Steven H. Goldblatt*, Assistant District Attorney, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellant.

*A. Charles Peruto*, and *Peruto, Ryan & Vitullo*, for appellee.

OPINION BY JACOBS, J., February 2, 1976:

This is an appeal by the Commonwealth from a lower court order dismissing indictments against the appellee for failure to comply with the prompt trial rule.[1]

The facts reveal that on June 29, 1973, the special investigating grand jury of Philadelphia County[2] formally submitted a presentment to its supervising court. This "fifth presentment" recommended the indictment of the appellee on charges of misfeasance, malfeasance and perjury. The court accepted the presentment which it forwarded to the attorney for the Commonwealth with instructions to prepare appropriate bills of indictment. The bills were then submitted to an indicting grand jury which returned indictments on July 11, 1973.

The appellee was arrested one week later on July 17, 1973. For reasons not pertinent hereto, the district attorney requested the appointment of an out of county judge to try the case. The case was eventually listed for trial on March 25, 1974. On that date, 257 days having elapsed since the date of indictment, the case was continued at the request of defense counsel who was engaged in trial in another county. The case was marked to be listed at the earliest opportunity by the court administrator. On April 10, 1974, defense counsel finished his trial and promptly communicated his availability to the court administrator.

In May or June of 1974 the initial trial judge was permitted to withdraw from the case and in July of 1974 the Chief Justice appointed Judge KREIDER to

---

1. Pa. R. Crim. P. 1100, promulgated in response to the Court's opinion in *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972), requires a trial to commence within 270 days in actions brought between June 30, 1973, and June 30, 1974. In actions commenced after June 30, 1974, the trial must commence within 180 days.

2. Impanelled upon petition of the district attorney, June Term, 1972.

hear the case. On August 26, 1974, Judge KREIDER withdrew because of ill health. On November 15, 1974, the appellee filed a motion for dismissal under Pa.R. Crim.P. 1100. As of that date an additional 219 days had elapsed since April 10, 1974, when counsel had indicated his availability for trial. Since the date of the indictment, a total[3] of some 491 days had elapsed. On December 12, 1974, Judge GUARINO, following an evidentiary hearing, dismissed the indictments with prejudice and the Commonwealth appealed.[4]

The sole issue presented in this appeal is whether, in extraordinary criminal proceedings, the time period by which the courts must measure any abridgment of the constitutional right to speedy trial or the right to prompt trial under Rule 1100, commences when an investigating grand jury issues its presentment in open court or whether it commences at such later time as the presentment is submitted to an indicting grand jury. The Commonwealth, seeking to avoid the strictures of Rule 1100,[5] argues that the presentment is the func-

---

3. Pa.R.Crim.P. 1100 (d) (2) excludes from the determination of the period for commencement of trial "any continuance in excess of thirty (30) days granted at the request of the defendant or his attorney, provided that only the period beyond the thirtieth (30th) day shall be so excluded . . . ."

4. The order which, pursuant to subsection (f) of Rule 1100, dismissed the charges with prejudice and discharged the defendant is properly appealable by the Commonwealth. *Commonwealth v. Woodley*, 232 Pa. Superior Ct. 427, 335 A.2d 526 (1975).

5. Rule 1100 is not applicable to cases in which a written complaint is filed before July 1, 1973. In the instant case the presentment was issued in open court on June 29, 1973. Thus, if the filing of the presentment is equated with the filing of a complaint, the Rule establishing a definite maximum time is inapplicable. The Commonwealth, of course, would remain bound by the constitutional requirements for a speedy trial, *see, e.g., Dickey v. Florida*, 398 U.S. 30 (1970); *Commonwealth v. Williams*, 457 Pa. 502, 327 A.2d 15 (1974); but the balancing test announced in

tional equivalent of a complaint and that the presentment, therefore, starts the time period. The appellee, seeking the protection of Rule 1100, argues that the presentment is unlike a complaint and that, because action was not taken before the indicting grand jury until after the effective date of the rule, the Commonwealth was obligated to bring him to trial within 270 days. We have reviewed both the Rules and the relevant case law and conclude that for the purposes of Rule 1100, the presentment of an investigating grand jury does not trigger the start of the prompt trial clock. We, therefore, affirm the order of the court below.

The time period by which the right to prompt trial[6] is measured generally commences with the filing of a written complaint. This, of course, is the manner in which the overwhelming majority of criminal actions are commenced. *Commonwealth v. McCloskey*, 443 Pa. 117, 277 A.2d 764 (1971). In actions which are commenced by arrest[7] the accused will be taken without un-

---

*Barker v. Wingo*, 407 U.S. 514 (1972), would be applicable rather than a fixed time limit. *See Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972).

6. We have used the phrase "speedy trial" to denote the constitutional limitations which mandate that an accused quickly be brought to trial, *see* U.S. Const. amend. VI; Pa. Const. art. I, §9, as opposed to "prompt trial," the term adopted by Rule 1100, which sets a maximum time limit which is generally more restrictive than the constitutional balancing test. *See, e.g.,* Comment, *Speedy Trial Guarantees in Pennsylvania: The Impact of Rule 1100*, 78 Dick. L. Rev. 755 (1974). Our decision today is limited to Rule 1100; we need not consider whether sixth amendment rights or additional due process rights under the federal and state constitutions would be triggered by excessive delay between presentment and indictment.

7. *See* Pa.R.Crim.P. 101:
"Criminal proceedings in court cases shall be instituted by:
    1. a written complaint; or
    2. an arrest without a warrant upon probable cause when the offense is a felony; or

necessary delay before a magistrate at which time the complaint is filed and the accused is given an immediate preliminary arraignment.[8] Ordinarily, thus, there is little difficulty in determining when the time period commences.

The comments to the Rules and the case law, however, recognize that criminal proceedings may be commenced in extraordinary manners when extraordinary circumstances so require. First, when great haste is required, such as when an accused is about to flee the jurisdiction, the prosecutor may submit a bill of indictment directly to an indicting grand jury without previous binding over or commitment of the accused.[9] *See Commonwealth v. McCloskey,* supra; comments to Rules 101 and 1100.

Secondly, criminal proceedings may be instituted by a "presentment" of the indicting grand jury based upon the personal knowledge of the jurors without any bill of indictment having been laid before them. *See, e.g., McNair's Petition,* 324 Pa. 48, 187 A. 498 (1936). The presentment of an indicting grand jury is to be distinguished from the presentment involved in this case, that of an investigating grand jury. The presentment of an indicting grand jury "is a written accusation of a crime made by a grand jury of its own motion . . . ," 1 Wharton's Criminal Procedure §216 at 470 (12th ed. 1974), and "[i]t is, in fact, as much a criminal accusation as an indictment, except that it emanates from their own knowledge, and not from the public accus-

---

3. an arrest without a warrant when the offense is a felony or misdemeanor committed in the presence of the police officer making the arrest."

8. Pa.R.Crim.P. 130.

9. "The procedure in such cases, however, is under the supervision of the court, and if the process and power is misapplied the court will vindicate itself in restraining its exercise." *Commonwealth v. Green,* 126 Pa. 531, 537, 17 A. 878, 879 (1889).

er . . . ." *Lloyd & Carpenter's Case*, 5 Pa.L.J. 55, 59, 3 Clark 188, 193 (Ct. of Qtr. Sess. of Phila. 1845).

The third extraordinary mode of commencing a criminal proceeding[10] is that involved in the case *sub judice*. The Court in *Commonwealth v. McCloskey*, supra, described the procedure as "a prosecutor's submission of an investigating grand jury presentment to an indicting grand jury with the leave of court." *Id*. at 131, 277 A.2d at 771. We note that the Court did not state that the presentment itself commenced a criminal proceeding.[11] The Criminal Procedural Rules Committee has also adopted this interpretation. The comment to Rule 101, citing *McCloskey*, states that a criminal proceeding may be instituted in the following manner: "[w]ith leave of court, the attorney for the Commonwealth may also submit directly to an indicting grand jury, in the form of a bill of indictment, the presentment of an investigating grand jury . . . ." The comment to Rule 1100 states that "it is intended that 'complaint' also includes . . . the presentment of a grand jury, based upon the personal knowledge of the jurors or drafted by the attorney for the Commonwealth, when submitted to subsequent indicting grand jury . . . ." (citing *McCloskey*). Thus both the Supreme Court and the Criminal Procedural Rules Committee have expressly stated that something more than the presentment is needed to actually commence a criminal proceeding.

The Commonwealth argues, however, that because "an investigating grand jury presentment is a constitutionally permissible and reasonable alternative to a preliminary hearing," *Commonwealth v. McCloskey*, supra at 140, 277 A.2d at 776, it must necessarily be con-

---

10. Criminal proceedings also may be instituted by a medical examiner. *See Commonwealth v. Lopinson*, 427 Pa. 284, 234 A.2d 552 (1967).

11. Pa.R.Crim.P. 3(f) defines "criminal proceedings" as "all actions for the enforcement of the Penal Laws."

sidered of greater effect than a complaint, and therefore, at least the functional equivalent of a complaint. The Commonwealth notes that the complaint is made by a single individual whereas a presentment is issued by at least 12 jurors, and that a complaint is approved by a lay magistrate[12] whereas the presentment of an investigating grand jury must be approved by the court. *Commonwealth v. McCloskey,* supra.

Granting the factual assertions of the Commonwealth, we still must reject its legal conclusion; for the form, content or method of the presentment is not determinative. It is the presentment's efficacy in initiating criminal proceedings which must be measured—and by this gauge the presentment registers no effect.

The A.B.A. Standards would commence the time period when a charge is filed or when an accused is "held to answer" for a particular charge. A.B.A. Project on Standards for Criminal Justice, *Standards Relating to Speedy Trial* §2.2 (Approved Draft, 1968).

> "[I]f at the time of the filing of the charge the defendant is being held to answer—whether in custody or on bail or recognizance— . . . then the time for trial commences running from the date the defendant was held to answer. In all other cases the time begins running as of the date the charge is filed. *Charge means a written statement filed with a court which accuses a person of an offense and which is sufficient to support a prosecution;* it may be an indictment, information, complaint, or affidavit, depending upon the circumstances and the law of the particular jurisdiction." *Id.,* comment to §2.2(a) (emphasis added).

It is clear that an accused is not "held to answer" upon the filing of a presentment and the presentment of it-

---

12. Pa. R.Crim.P. 134(a)(2): "In any proceeding initiated by complaint, the issuing authority shall ascertain that . . . there is probable cause for the issuance of process . . . ."

self is not sufficient to support a prosecution as that phrase is used in the standards. *See also Kirby v. Illinois,* 406 U.S. 682 (1972). The presentment of the investigating grand jury is nothing more than "a rather complete summary of the grounds on which the investigating grand jury is making its recommendation . . . ." *Commonwealth v. McCloskey,* supra at 139, 277 A.2d at 775. "A grand jury report or presentment is a written statement made to a court by the grand jury that is incident to that court. These reports or presentments are frequently directed at unwholesome situations in the community, and occasionally are critical of named individuals. The characteristic that distinguishes them from other grand jury activity is that they do not formally charge named persons with the commission of specific criminal acts." Kuh, *Grand Jury "Presentment": Foul Blow or Fair Play?,* 55 Col. L. Rev. 1103 (1955).

When a written complaint is filed, on the other hand, prosecutorial forces are quickly brought to bear against the named individual. If he is not already in custody the issuing authority, upon approving the complaint, will issue a summons or warrant of arrest. *See* Pa.R.Crim.P. 134 and 102. If a summons is used the defendant will be commanded to appear for a preliminary hearing, Pa.R.Crim.P. 110; if he fails to comply an arrest warrant will follow, Pa.R.Crim. P. 113. If an arrest warrant is used the defendant will be taken without unnecessary delay for a preliminary arraignment, Pa.R.Crim.P. 122, 130, which will be followed within three to ten days by a preliminary hearing. Pa.R.Crim.P. 140.

It is clear that this activity, whether it be complaint followed by summons or arrest, or arrest followed by complaint and preliminary arraignment, has immersed the defendant in the intricacies of substantive and procedural criminal law. The defendant has been con-

fronted "with the prosecutorial forces of organized society," *Kirby v. Illinois,* supra at 689; *see Commonwealth v. Richman,* 458 Pa. 167, 320 A.2d 351 (1974), and must begin to deal with the consequences of those forces. By virtue of the presentment of the investigating grand jury, however, the defendant is not so positioned. He is subject neither to arrest nor to summons. He will not be arraigned or ordered to a preliminary hearing. Unenviable as his position may be, the accused still has not had a criminal proceeding commenced against him; and the prompt trial rule requires as a condition precedent to the running of the time period the commencement of a criminal proceeding. We hold that the time period under Rule 1100 does not commence with the issuing of the presentment of an investigating grand jury, but rather that it begins only when that presentment is submitted for action to a subsequent indicting grand jury. In the instant case that action took place subsequent to the effective date of Rule 1100; and, therefore, the Commonwealth is bound by and the appellee is protected by the Rule's rigid time restrictions.

The Commonwealth further argues that even if it was bound to bring the defendant to trial within 270 days, the delay in this case was occasioned by the courts in attempts to secure an out of county judge and that the time period should be tolled during delays not occasioned by the Commonwealth. The Commonwealth, however, misconstrues the nature and purpose of the right to a speedy trial.

"The history of the right to a speedy trial and its reception in this country clearly establish that it is one of the most basic rights preserved by our Constitution." *Klopfer v. North Carolina,* 386 U.S. 213, 226 (1967). Rule 1100 was promulgated "in order to more effectively protect the right of criminal defendants to a speedy trial . . .," *Commonwealth v. Hamilton,* supra at 308, 297 A.2d at 133, and because the Court deemed it "ex-

pedient to formulate a rule of criminal procedure fixing a maximum time limit in which individuals accused of crime shall be brought to trial . . . ." *Id.* at 308-09, 297 A.2d at 133. Inordinate delay between public charge and trial may "seriously interfere with the defendant's liberty, whether he is free or on bail or not, and that may disrupt his employment, drain his financial resources, curtail his associations, subject him to public obloquy, and create anxiety in him, his family and his friends." *United States v. Marion,* 404 U.S. 307, 320 (1971). Delay, of course, may also prejudice a defense on the merits, *Barker v. Wingo,* 407 U.S. 514 (1972), and intensifies the "anxiety and concern accompanying public accusation . . . ." *United States v. Ewell,* 383 U.S. 116, 120 (1966). None of these consequences is lessened by the fact that the delay is occasioned by the courts rather than the prosecutor. *Cf. Commonwealth v. Wilson,* 231 Pa. Superior Ct. 451, 331 A.2d 792 (1974) (under Interstate Agreement on Detainers "it is unimportant whether delay is occasioned by the prosecutor's office or by the court; so long as the delay . . . is not occasioned by the defendant . . . ."). The Court in *Barker v. Wingo,* supra, cited the "inability of courts to provide a prompt trial . . . ," *id.* at 519, and our Supreme Court in *Commonwealth v. Hamilton,* supra, noted that "a mandatory time requirement will act as a stimulant to those entrusted with the responsibility of managing court calendars." *Id.* at 308, 297 A.2d at 133.

Moreover, Rule 1100(c) permits the attorney for the Commonwealth to apply to the court for an order extending the time for commencement of trial. No such application was made in this case.

"The right to a speedy trial is . . . enshrined in the Constitution for the protection of the accused," *Barker v. Wingo,* supra at 519; and Rule 1100 was drafted to more fully protect that right. *Commonwealth*

232

*v. Hamilton,* supra. Because the Commonwealth failed to bring the appellee to trial within 270 days and failed to comply with the extension requirements of Rule 1100(c) the order of the lower court dismissing the charges was proper. *Commonwealth v. Adams,* 237 Pa. Superior Ct. 452, 352 A.2d 97 (1975); *Commonwealth v. Cutillo,* 235 Pa. Superior Ct. 131, 339 A.2d 123 (1975).

Order affirmed.