385 A.2d 570

**COMMONWEALTH of Pennsylvania**

v.

**Reginald LEWIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 8, 1976.

Decided April 13, 1978.

John W. Packel, Assistant Public Defender, and Benjamin Lerner, Defender, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Philadelphia County, by the defendant-appellant, Reginald Lewis, after conviction in a non-jury trial of possession and delivery of a controlled substance; and from the denial of post-trial motions.

The criminal complaint was filed on January 17, 1975. He was not arrested until May 16, 1975. On December 16, 1975, the defendant filed a petition for the dismissal of the charges against him for the failure of the Commonwealth to comply with the mandates of Pa.R.Crim.P. 1100. This was denied. He was tried and convicted non jury on January 12, 1976.

There is no question that the 180 day rule was violated unless we accept the interpretation of the rule made by the court below.

Rule 1100(a)(2) provides:

"Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than 180 days from the date in which the complaint was filed."

The rule is clear and unambiguous and in fact, in all our cases dealing with Rule 1100 our computation of the 180 day rule requirement began with the filing of the complaint.

In *Commonwealth v. Mumich,* 239 Pa.Super. 209, 361 A.2d 359 (1976) stands for the proposition that the period begins

at the time of the filing of a proper complaint. There is no contention in the instant case that the complaint was not proper. In *Mumich* this Court held that where a first complaint was dismissed, as improper, the time begins to run at the filing of a second proper complaint. See, *Commonwealth v. Bean,* 244 Pa.Super. 368, 368 A.2d 765 (1976); *Commonwealth v. Wilson,* 238 Pa.Super. 340, 357 A.2d 163 (1976).

In *Commonwealth v. Shelton,* 469 Pa. 8, 364 A.2d 694 (1976) it was held by the Supreme Court in regard to applications for extension of time is determined by computing the time elapsed from the filing of the complaint less any periods which are properly excludable. See also, *Commonwealth v. Mayfield,* 469 Pa. 214, 364 A.2d 1345 (1976) where it was held that the court may only grant extensions of time under the rule when the petition is filed prior to the expiration of 180 days after the filing of the complaint.

The interpretation of the rule as made by the court below would circumvent the purpose of Rule 1100 to insure prompt trial. The practice in Philadelphia as explained by the court below is as follows:

"In Philadelphia, the procedure is that after a complaint is signed, it remains in the hands of the police until the defendant is arrested and arraigned. It is at that point that the various copies of the complaint are distributed to the Court, the District Attorney and to the defendant. It is this Court's analysis of Rule 1100 that the Supreme Court in promulgating that rule intended and meant by the words, 'When the complaint is filed,' to mean when the complaint is filed at the preliminary arraignment when the four copies of the complaint be dispersed and the defendant arraigned."

There seems to to be no requirement as to the length of time the police may hold the complaint, and in the instant case the complaint was held from January 17, 1975, until his arrest on May 16, 1975.

The defendant also complains about the court's charging him with a 28 day period of delay. This is now immaterial

because even with the 28 day credit to the Commonwealth, the 180 day period has been exceeded.

The judgment of sentence is reversed and the defendant discharged.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

HOFFMAN and SPAETH, JJ., concur in the result.