418 A.2d 634

COMMONWEALTH of Pennsylvania

v.

Daniel KELLIE, Appellant.

Superior Court of Pennsylvania.

Argued June 11, 1979.

Filed Feb. 1, 1980.

Frank J. Marcone, Media, for appellant.

Vram Nedurian, Jr., Assistant District Attorney, Media, for Commonwealth, appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

* President Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge LEONARD SUG-ERMAN, of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

SPAETH, Judge:

This is an appeal from a judgment of sentence entered after a jury convicted appellant of simple assault.[1]

1

Appellant first argues that he should be discharged because he was not tried within the period required by Pa.R.Crim.P. 1100.

On September 18, 1976, appellant was involved in a fight at a bar in Springfield Township, Delaware County. On September 20, one Michael Dimeglio signed a private criminal complaint against appellant before a District Justice. On September 22, the private complaint was approved by an Assistant District Attorney for Delaware County. On October 4, the complaint was filed and sworn to at the office of the District Justice and certified by him for issuance of an arrest warrant. On March 28, 1977, the Commonwealth petitioned for an extension of time, within which to bring appellant to trial. Appellant did not file an answer to this petition. On April 22, the lower court granted the Commonwealth an extension until September 29, 1977. On September 19, the Commonwealth again petitioned for an extension of time; again appellant did not file an answer. On October 14, the court granted an extension until January 31, 1978. On January 19, appellant petitioned to dismiss the case under Pa.R.Crim.P. 1100(f). The court denied the petition, and the trial commenced on January 24.

Pa.R.Crim.P. 1100(a)(2) states:

Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed.

Appellant argues that the complaint was "filed" on September 20, 1976, when Michael Dimeglio signed it before the District Justice. If appellant is right, the run date would be

1. 18 Pa.C.S.A. § 2701 (Purdon's 1973).

March 21, 1977,[2] from which it would follow that the Commonwealth's petition, which was filed on March 28, was untimely, and appellant would be entitled to be discharged. The Commonwealth argues that the complaint was not "filed" until after the Assistant District Attorney had approved it and the District Justice had signed it, that is, until October 4, 1976, making the run date April 4, 1977,[3] and the March 28 petition timely.

While there are no cases deciding this issue, the case law dealing with Pa.R.Crim.P. 1100(a)(2) supports the Commonwealth's position. In *Commonwealth v. Silver*, 238 Pa.Super. 221, 357 A.2d 612 (1976), this court had to decide whether the period under Rule 1100 started to run when a presentment was filed by an investigating grand jury. In holding that it did not, we said:

When a written complaint is filed, on the other hand, prosecutorial forces are quickly brought to bear against the named individual. If he is not already in custody the issuing authority, upon approving the complaint, will issue a summons or warrant of arrest. *See* Pa.R.Crim.P. 134 and 102. If a summons is used the defendant will be commanded to appear for a preliminary hearing. Pa.R. Crim.P. 110; if he fails to comply an arrest warrant will follow, Pa.R.Crim.P. 113. If an arrest warrant is used the defendant will be taken without unnecessary delay for a preliminary arraignment, Pa.R.Crim.P. 122, 130, which will be followed within three to ten days by a preliminary hearing. Pa.R.Crim.P. 140.

It is clear that this activity, whether it be complaint followed by summons or arrest, or arrest followed by complaint and preliminary arraignment, has immersed the defendant in the intricacies of substantive and procedural criminal law. The defendant has been confronted "with

2. The 180th day would be March 19, but since that was a Saturday, the period would be extended to Monday, March 21. 1 Pa.C.S.A. § 1908 (Purdon's Supp. 1978–79).

3. The 180th day would be April 2. Again, however, that was a Saturday, so the period would be extended to Monday, April 4. *See* f. n. 2, *supra*.

the prosecutorial forces of organized society," *Kirby v. Illinois, supra* 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972) at 689 [92 S.Ct. at 1882]; *see Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974), and must begin to deal with the consequences of these forces. By virtue of the presentment of the investigating grand jury, however, the defendant is not so positioned. He is subject neither to arrest nor to summons.

238 Pa.Super. at 229–30, 357 A.2d at 616.

In *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977), the Commonwealth argued that the period under Rule 1100 did not begin to run until ("the complaint should be deemed filed as of") the preliminary arraignment. *Id.*, 470 Pa. at 560, 372 A.2d at 829. Rejecting this argument, the Court held that "the criminal proceedings begin with the presentation of the complaint to the court, and thus, for purposes of Rule 1100, the complaint is deemed filed and the mandatory period commences with the presentation." *Id.*, 470 Pa. at 559, 372 A.2d at 829 (footnote omitted). In coming to this conclusion, the Court alluded to the same concerns as we had in *Silver* : "In the situation of an arrest pursuant to a warrant, the complaint is filed prior to arrest, and thus considerations such as disruption of employment, curtailment of associations, subjection to public obloquy, and creation of anxiety, *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972); *Commonwealth v. Silver*, 238 Pa.Super. 221, 357 A.2d 612, are brought to bear prior to arrest." *Id.*, 470 Pa. at 561, 372 A.2d at 830. Finally, in *Commonwealth v. James*, 258 Pa.Super. 157, 392 A.2d 732, 738 (1978) (concurring opinion), two members of this court reached the Pa.R.Crim.P. 1100 issue and concluded that "it is plain from Rule 1100 that the actual issuance of process [a warrant or summons] is not the event that triggers the running of the Rule; if it were, subsections (a)(1) and (2) would read differently. It thus appears that the Supreme Court, through its Rules Committee, has determined that criminal proceedings commence when process may *potentially issue*, rather than when it actually does issue." (Emphasis added.).

 In the case before us, no process could issue until October 4.[4] Until then appellant was not subjected to any of the disruptions discussed in *Silver v. Mitchell*. We therefore hold that the period under Rule 1100 did not start to run until October 4.[5]

4. Pa.R.Crim.P. 133(B)(1) states:

When the affiant is not a police officer as defined in Rule 51(c) and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

Pa.R.Crim.P. 134 states:

(a) In any proceeding initiated by complaint, the issuing authority shall ascertain that:

(1) the complaint has been properly completed and executed;

(2) there is probable cause for the issuance of process, in the form of an affidavit;

(3) when prior submission to the attorney for the Commonwealth is required, that he has approved the complaint.

(b) Upon ascertaining the above matters, the issuing authority shall

(1) endorse the following on the complaint:

[here appears form of certification issuing authority should sign]

(2) issue a summons or warrant of arrest as the case may be.

Thus, only when the District Attorney ("attorney for the Commonwealth") has approved the complaint and the issuing authority has signed it may a warrant or summons issue.

5. Appellant makes two subsidiary arguments relating to the filing of the complaint. First, appellant argues that the mandatory period commenced on September 22, when the Assistant District Attorney approved the complaint. This argument is not persuasive because it does not recognize that the Commonwealth could not begin prosecution until the District Justice signed the complaint. *See* footnote 4, *supra*. Second, appellant argues that by the terms of Pa.R.Crim.P. 133(B)(3)(i), the Assistant District Attorney had a duty to transmit the private complaint to the District Justice, and, therefore, the delay between September 22 and October 4, should be chargeable to the Commonwealth. We do not agree. Even if it is conceded that the Assistant District Attorney unreasonably delayed transmitting the complaint, which is not clear from the facts, the private complainant could have expedited the process by filing

the complaint on a separate form with the issuing authority, noting thereon that a complaint is pending before the attorney for the Commonwealth. The issuing authority shall determine whether a reasonable period has elapsed, and, when appropriate, shall defer action to allow the attorney for the Commonwealth an additional period of time to respond.

■ ■

2

■ Appellant's second claim is that the Commonwealth engaged in discriminatory prosecution by failing to prosecute a cross-criminal complaint filed by appellant against Michael Dimeglio. In *Goodman v. Kennedy*, 459 Pa. 313, 328, 329 A.2d 224, 232 (1974), the Supreme Court stated that in order to prove discriminatory enforcement of a law, "[a] purposeful discrimination must be shown and we cannot presume such discrimination. *Snowden v. Hughes*, 321 U.S. 1 [64 S.Ct. 397, 88 L.Ed. 497] (1943); *Yick Wo v. Hopkins*, 118 U.S. 356 [6 S.Ct. 1064, 30 L.Ed. 220] (1885)." Here, appellant made no showing that the Commonwealth had purposefully discriminated against any party in its prosecution of the complaints arising out of the incident.

Affirmed.

Pa.R.Crim.P. 133(B)(3)(iii). Having chosen not to do this, the complainant could hardly claim that the Assistant District Attorney violated a duty to transmit the complaint. Accordingly, neither may appellant so claim on the complainant's behalf.