419 A.2d 1282

## COMMONWEALTH of Pennsylvania

v.

### Helen Marie DYGERT, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed May 2, 1980.

David Truax, Assistant Public Defender, Meadville, for appellant.

Stephen Toole, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

The issue presented by this appeal is whether the Rule 1100 period began to run from the date of appellant's warrantless arrest or from the date a criminal complaint was filed against her. We hold that the period began to run at the time the complaint was filed, and, accordingly, we affirm the judgment of sentence.

On the evening of September 23, 1977, Sergeant Charles Shaw of the Meadville, Pennsylvania, police department arrested appellant on suspicion that she was driving under the influence of alcohol. After informing appellant of her constitutional rights, the officer took her to the police station. A breathalyzer test administered at the station showed that appellant's blood alcohol level was .23 percent. Because she refused to tell the police whom to call to drive her home, appellant was held in the city jail until the following morning, when she was released. Although the police had intended to file a complaint and send a summons to appellant immediately, because of administrative oversight, they did not file the complaint until August 30, 1978—341 days after the arrest. The lower court rejected appellant's pretrial Rule 1100 challenge. On January 9, 1979, following a non–jury trial, appellant was found guilty of driving under the influence of alcohol. This appeal followed.

Appellant's sole contention is that her prompt trial rights under Pa.R.Crim.P. 1100 were violated because of the delay between her arrest and the issuance of a complaint against her.[1] Rule 1100(a)(2) provides:

1. Because appellant does not contend that her constitutional right to speedy trial, as distinguished from her right under Rule 1100, was violated, we do not consider that issue.

Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred and eighty (180) days from the date on which the complaint is filed.

Thus, absent special circumstances, the commencement of the Rule 1100 period is triggered by the filing of the criminal complaint. Although appellant was tried within 180 days of the filing of the complaint against her, she asserts that under the special circumstances of her case, the Rule required that she be tried within 180 days of her *arrest*. In support of this contention, appellant quotes the following language from *Commonwealth v. Mitchell*, 472 Pa. 553, 372 A.2d 826 (1977): "Rule 1100 contemplates the commencement of the running of the mandatory period at the point criminal proceedings are initiated." *Id.*, 472 Pa. at 559, 372 A.2d at 829.

Several decisions offer guidance in the determination of the point at which "criminal proceedings are initiated." For example, this Court in *Commonwealth v. Silver*, 238 Pa.Super. 221, 357 A.2d 612 (1976), concluded that the Rule 1100 period did not begin to run from the filing of an investigating grand jury's presentment. In reaching this conclusion, we noted the following indicia of initiation of criminal proceedings:

When a written complaint is filed, . . . prosecutorial forces are quickly brought to bear against the named individual. If he is not already in custody the issuing authority, upon approving the complaint, will issue a summons or warrant of arrest. *See* Pa.R.Crim.P. 134 and 102. If a summons is used the defendant will be commanded to appear for a preliminary hearing, Pa.R.Crim.P. 110; if he fails to comply an arrest warrant will follow, Pa.R.Crim.P. 113. If an arrest warrant is used the defendant will be taken without unnecessary delay for a preliminary arraignment, Pa.R.Crim.P. 122, 130, which will be followed within three to ten days by a preliminary hearing. Pa.R.Crim.P. 140.

It is clear that this activity, whether it be complaint followed by summons or arrest, or arrest followed by complaint and preliminary arraignment, has immersed the defendant in the intricacies of substantive and procedural criminal law. The defendant has been confronted "with the prosecutorial forces of organized society," *Kirby v. Illinois* [406 U.S. 682, 689, 92 S.Ct. 1877, 1882, 32 L.Ed.2d 411 (1972)]; *see Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974), and must begin to deal with the consequences of those forces. By virtue of the presentment of the investigating grand jury, however, the defendant is not so positioned. He is subject neither to arrest nor to summons. He will not be arraigned or ordered to a preliminary hearing. Unenviable as his position may be, the accused still has not had a criminal proceeding commenced against him.

238 Pa.Super. at 229–30, 357 A.2d at 616, quoted in *Commonwealth v. Kellie*, 275 Pa.Super. 106, 418 A.2d 634 (1980).

In *Silver* we relied in part upon the *ABA Standards Relating to Speedy Trial*, which provide that the time for trial begins to run "from the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or on recognizance until that date to answer for the same crime . . . then the time for trial would commence running from the date he was held to answer." ABA Project on Minimum Standards for Criminal Justice, *Standards Relating to Speedy Trial*, § 2.2(a) (Approved Draft 1968). The comments to the standard further provide that where the accused is arrested and released but a charge is subsequently filed against him, the time for trial runs from "the date on which the defendant was brought before a judicial officer on some allegation of a crime or crimes . . . upon which that judicial officer ordered the defendant thereafter held in custody or released on bail or recognizance." *Id.*, Comment.

Recently, in *Commonwealth v. Kellie, supra*, this Court addressed the issue of whether the Rule 1100 period began

to run at the point at which a private criminal complaint was signed by the complainant or upon its eventual approval by the prosecuting attorney. Our Court concluded that proceedings against the accused did not commence until the prosecuting attorney signed the complaint because until that time neither a warrant nor a summons could issue against the accused. *See* Pa.R.Crim.P. 133.

These authorities lead us to the conclusion that appellant was not tried in violation of Rule 1100. She was released after her warrantless arrest and breathalyzer test. She had not been taken before a magistrate for preliminary arraignment, nor had a complaint been filed subjecting her to summons or arrest. No judicial officer had placed her in custody or control of the court. Moreover, while we do not condone the conduct of the police in the instant case, the delay in instituting proceedings did not result from an attempt to circumvent the Rule.[2] *See Commonwealth v. Brocklehurst*, 266 Pa.Super. 335, 404 A.2d 1317 (1979) (police misconduct may cause Rule 1100 period to run from filing of original complaint later dismissed for substantive defect rather than from filing of amended complaint); *Commonwealth v. Lewis*, 254 Pa.Super. 152, 385 A.2d. 570 (1978) (Rule 1100 period does begin to run during intentional delay in presentation of complaint to court). Thus, in view of the wording of the Rule, the fact that appellant was not subject to prosecution until the complaint issued, and the fact that we have never held that mere negligent delay in filing a complaint causes the Rule to run from some earlier time, we hold that appellant's Rule 1100 right to prompt trial was not violated.

Judgment of sentence affirmed.

**2.** Appellant concedes that the failure to file the complaint earlier resulted from "pure administrative police error." Appellant's Brief at 9.