**Commonwealth v. Moore**

*James B. Yelovich*, for the Commonwealth.
*Sandra W. Upor*, for defendant.

COFFROTH, *P.J.*, November 3, 1980—The issue in this case is whether a private criminal complaint is "filed" within the meaning of Pa.R.Crim.P. 1100 when it is first presented to the district justice and certified by him prior to submission to the attorney for the Commonwealth for approval under Pa.R.Crim.P. 133(B), or when it is later submitted to and approved by the district attorney under Pa.R.Crim.P. 133(B).

## FACTS AND HISTORY

On June 25, 1979, a private criminal complaint charging defendant with theft and receiving stolen property was properly executed by the affiant and presented to the district justice. On the same date, the district justice certified the complaint as properly sworn to and executed and as showing probable cause for issuance of process. The district justice then submitted the complaint to the district attorney who approved it on July 3, 1979, and returned it to the district justice who issued a summons on July 10, 1979.

After preliminary proceedings, the case was duly returned to court on November 20, 1979. On December 27, 1979, the Commonwealth filed an application for extension of time for trial under Pa.R.Crim.P. 1100(c) alleging that:

"The applicable mandatory period for commencement of trial of this case is: 180 days from June 25, 1979, the date of filing the complaint. 1100(a)(2)."

The Commonwealth's application further stated that:

"Last date (deadline for commencement of trial): December 24, 1979."

On January 24, 1980, the district attorney filed an information against defendant. On February 1, 1980, defendant filed an application for dismissal and discharge under Pa.R.Crim.P. 1100, alleging that December 24, 1979 was the last date for commencement of trial which had passed without commencing trial, that the Commonwealth's extension application was filed three days late, and that no extension of time was obtained. The Commonwealth filed an answer alleging that the complaint was not filed until it was approved by the district attorney on July 3, 1979, that therefore the time for commencement of trial did not expire until December 29, 1979, and that the indication on the complaint of filing on June 24, 1979 "is no more than administrative error."

## DISCUSSION

The Commonwealth's extension application and defendant's application for dismissal and discharge were scheduled for hearing on February 6, 1980, but the hearing was continued on defense

counsel's motion. The applications were again scheduled for hearing and were heard on March 11, 1980 before the undersigned. On March 12, 1980, we made an order denying the Commonwealth's application for extension and granting defendant's application for dismissal and discharge, "Opinion to follow." This opinion is written in support of that order.

Undoubtedly there was administrative error in this case. The first and primary error was made by the district justice who certified the private complaint prior to submission thereof to the district attorney, in violation of Pa.R.Crim.P. 134 which provides as follows:

"Rule 134. *Issuance of Process Pursuant to Complaint*

"(a) In any proceeding initiated by complaint, *the issuing authority shall ascertain that*:

(1) the complaint has been properly completed and executed;

(2) there is probable cause for the issuance of process, in the form of an affidavit;

(3) *when prior submission to the attorney for the Commonwealth is required, that he has approved the complaint.*

(b) *Upon ascertaining the above matters,* the issuing authority shall

(1) endorse the following on the complaint:

AND NOW, this date ............, 19........, I certify the complaint has been properly sworn to and executed before me, and that there is probable cause for the issuance of process.

..................................SEAL
Issuing Authority

(2) issue a summons or warrant of arrest as the case may be." (Emphasis added.)

It was the duty of the district justice to ascertain whether the private complaint had been approved by the attorney for the Commonwealth, as expressly provided in Rule 134(a)(3), supra, and only after so ascertaining to endorse the complaint with his certification as expressly provided in Rule 134(b)(1) supra. Here the district justice incorrectly certified the complaint prior to its approval by the district attorney, thus indicating thereon a filing date of June 25, 1979. The complaint is also endorsed on the face thereof by the district attorney showing approval on July 3, 1979.*

The second error was committed by the district attorney who filed his application for extension of time on December 27, 1979, alleging that the com-

---

*It is conceded that this private complaint required approval by Commonwealth counsel (or the court) under Pa.R.Crim.P. 133(b)(1) and (3) which provide as follows:

"(B) Private Complaints:

(1) When the affiant is not a police officer as defined in Rule 51(C) and the offense(s) charged include(s) a misdemeanor or felony which does not involve a clear and present danger to any person or to the community, the complaint shall be submitted to the attorney for the Commonwealth, who shall approve or disapprove without unreasonable delay.

(3) If the attorney for the Commonwealth

(i) approves the complaint, he shall indicate his decision on the complaint form and transmit it to the issuing authority.

(ii) disapproves the complaint, he shall state his reasons on the complaint form and return it to the affiant. Thereafter the affiant may file the complaint with a judge of a court of common pleas for approval or disapproval.

(iii) does not approve or disapprove within a reasonable period of time, the affiant may file the complaint on a separate form with the issuing authority, noting thereon that a complaint is pending before the attorney for the Commonwealth. The issuing authority shall determine whether a reasonable period has elapsed, and, when appropriate, shall defer action to allow the attorney for the Commonwealth an additional period of time to respond."

plaint had been filed with the district justice on June 25, 1979 and that the last date for commencement of trial was December 24, 1979, then in his answer to the application for dismissal and discharge he contradicted those averments by alleging that the complaint was filed July 3, 1979 and that the last date for commencement of trial was December 29, 1979. If the first set of averments in the extension application were true, then the application for extension was filed too late under Civil Rule 1100(c) which permits such an application to be filed only "prior to the expiration of the period of commencement of trial." Com. v. Warman, 37 Somerset 25 (1977), affirmed in 260 Pa. Superior Ct. 130, 393 A. 2d 1046, (1978). On the other hand, if the averments in the Commonwealth's answer to the dismissal and discharge application are correct, the extension application was timely filed.

The court order of March 12, 1980 denying the Commonwealth's extension application and granting defendant's dismissal and discharge application was based on the conclusion that the complaint was filed on June 25, 1979 as certified by the district justice, within the meaning of Pa.R.Crim.P. 1100(2) which states that:

"(2) Trial in a court case in which a written complaint is filed against the defendant after June 30, 1974 shall commence no later than one hundred eighty (180) days from the date on which the complaint is filed." (Emphasis added.)

That being so, the Commonwealth's application for extension of time was too late and had to be denied, and defendant's application for dismissal and discharge had to be granted because trial was too late.

We found no decisional authority clearly ruling this point, but in Commonwealth v. James, 258 Pa.

Superior Ct. 157, 392 A. 2d 732, (1978), the same factual situation occurred: the private complaint was presented to and certified by the district justice on December 11, and was approved by the district attorney on December 31; both an application for extension of time and an application for dismissal and discharge were before the trial court; the extension application was timely if the complaint was "filed" on December 31, but untimely if the complaint was "filed" on December 11. The trial court granted the extension application and denied the application for dismissal and discharge, and defendant was convicted; on appeal the Superior Court (5-2) reversed for insufficient evidence on the merits and granted defendant's motion in arrest of judgment, making it unnecessary for the court to pass on the Rule 1100 problem upon which the majority expressly declined to intimate any opinion (James, 159 note 3). The dissenters, however (opinion by Spaeth, J., concurred in by Cercone, P.J.) wanted to reverse on the Rule 1100 question; they took the position that "criminal proceedings commence when process may potentially issue" (169), that process "could have issued solely on the basis of the district justice's approval of the complaint [and] the district attorney's approval or signature would not have been required" (169) for such issuance, that the order of events contrary to Criminal Rule 134(3) supra was an "immaterial" defect (167), and that therefore "Rule 1100 started to run from the date on which the complaint was filed with and approved by the magistrate" (169). That viewpoint supports our order of March 12, 1980.

For the above stated reasons, the order of March 12, 1980 cannot be construed as ruling that a private criminal complaint is "filed" for Rule 1100

purposes when it is presented to the district justice prior to submission to the district attorney for approval, if the district justice has not then certified its filing and authorized issuance of process. That specific issue was presented in Com. v. Kellie, 275 Pa. Superior Ct. 106, 418 A. 2d 634 (1980), decided February 1, 1980, published October 17, 1980 after our order of March 12. In that case the court adopted and applied the criterion advanced by the dissenters in James supra that "criminal proceedings commence when process may potentially issue" (275 Pa. Superior Ct. 110, 418 A. 2d at 636, (1980) (Emphasis in original.) ) and held that the private complaint was "filed" for Rule 1100 purposes when it was certified by the district justice, in that case *after* the Commonwealth's approval. Accord: Com. v. Iaderosa, 276 Pa. Superior Ct. 439, 419 A. 2d 538 (1980). Com. v. Womer, 12 D. & C. 3d 237 (1979) is apparently contra.

We now entertain considerable doubt about the correctness of the March 12 order in this case and the validity of all the reasoning in James's dissent; we are inclined to think that "process may potentially issue" only when it may lawfully issue in compliance with the Rules of Criminal Procedure, that is, after the private complaint has been both approved by the district attorney and certified by the district justice, regardless of the order in which those events occur, and that the district justice's certification of the complaint prior to Commonwealth approval thereof is an informal defect under Criminal Rule 150, to be disregarded. Com. v. Shaffer, 31 Somerset 395 (1976). That reasoning rejects the dissent in James and would lead to a different result in the instant case. This, of course, is and must be but dictum, leaving decision of the issue for a later date if necessary, and cannot affect

our order of March 12, 1980 which stands as the law of the case, if not as persuasive precedent. The best solution for the future will be for our district justices to comply carefully with the rules thus eliminating the problem here presented, and for the district attorney to be cognizant of the problem.