## Commonwealth v. Atkinson

*Frank G. Verterano,* for defendant.
*Donald E. Williams,* for Commonwealth.

McCRACKEN, *P.J.,* January 16, 1981— Presently before the court are motions to extend

time for commencement of trial by the Commonwealth. The Commonwealth has filed three such motions, which, because of the unusual circumstances surrounding this case, have heretofore not been ruled upon.

The complaint in the present action was filed on March 31, 1980. Normally, this date would constitute the beginning of the 180 day period for commencement of trial under Pa.R.Crim.P. 1100. However, defendant argues that in this case the period should be deemed to have begun on an earlier date. In support of this contention, defendant has provided evidence that: (a) the Pennsylvania State Police obtained a search warrant for blood and body hair to be taken from his body on January 24, 1980. The affidavit supplied for this warrant indicates that the requested items were needed for an investigation into the criminal incident involved in the present case; and (b) on February 11, 1980, a complaint was filed in Beaver County charging defendant with receiving stolen property and conspiracy. Again the recital of facts in the complaint indicates that the property involved in that case relates to the same occurrence as the present case. Based on these facts, defendant argues that the 180 day period should have begun to run no later than February 11, 1980. Therefore, he argues, the period should have expired no later than August 9, 1980, and the Commonwealth's first petition for extension filed on September 19, 1980, as well as the later petitions, should be dismissed as untimely.

The issuing of the search warrant may not be considered as the beginning of the Rule 1100 period. It is only when criminal proceedings commence against a defendant that the Rule 1100 period commences: Com. v. Silver, 238 Pa.

Superior Ct. 221, 357 A. 2d 612 (1976); see also Com. v. Mitchell, 472 Pa. 553, 372 A. 2d at 826 (1977); Com. v. Dygert, 277 Pa. Superior Ct. 544, 419 A. 2d 1282 (1980). The fact that one is suspected of a crime does not immerse him in the intricacies of criminal law. As the court summarized in Silver, supra, 238 Pa. Superior Ct. at 230, 357 A. 2d at 616:

"He is subject neither to arrest nor to summons. He will not be arraigned or ordered to a preliminary hearing. Unenviable as his position may be, the accused still has not had a criminal proceeding commenced against him."

Nor do we agree with defendant's contention that the 180 day period on all charges arising out of the same set of occurrences begins running on the filing of the first charge. First, we find no authority for the position that all charges must be filed at the same time. While Com. v. Campana, 452 Pa. 233, 304 A. 2d 432, vacated 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed 2d 44 (1973), reinstated on remand, 455 Pa. 622, 314 A. 2d 854, cert. denied 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed 2d 1139 (1974), requires all such charges to be tried at one trial, it does not extend to the filing of the charges.

Second, there is no indication that the Beaver County authorities knew of, or could have filed, any additional charges. The basis for their complaint was defendant's attempt to pay for a few days lodging at the home of Thomas Hall (in Beaver County) with stolen goods. The only charge supported by their evidence is receiving stolen property. That is, the Beaver County authorities had evidence that defendant had received the property stolen from the Puz home, but no evidence to tie him to the actual theft. In addition, we note that the theft

itself, as well as the alleged homicide and arson, all occurred in Lawrence County. Only defendant's attempt to divest himself of the property occurred in Beaver County. Clearly, Beaver County would not be the proper venue for the other charges, which could not, therefore, have been filed along with the "receiving" charge. We must also note that the goods defendant was charged with receiving in Beaver County differ from those he is charged with receiving in Lawrence County. All of the goods allegedly came from the Puz home, but the receiving charges, based on defendant's possession of them, arise from different circumstances at different times and places and thus are distinct crimes. While the ABA Standards Relating to Speedy Trial, Section 2.2(a) (approved draft 1968) provide that a defendant held in custody, prior to the filing of complaint, on charges arising from the same occurrence, should be treated as though the charges were filed at the time of the arrest, the charges filed here, in different counties, for different actions, do not "arise from the same occurrence."

Further, we must note that this is not a case where the charges were filed separately in an effort to circumvent Rule 1100. That might be a valid interpretation if we found that the authorities had arranged for defendant to be arrested and held on the Beaver County charges while the Lawrence County authorities prepared a stronger case on the present charges. However, we see no basis for such a finding in this case. Indeed, such subterfuge would have been entirely unnecessary. The search warrant issued on January 24, 1980, indicates that defendant was already incarcerated at that time. In addition, defendant's former attorney testified that defendant was arrested and charged with another, unrelated pair of homicides "on February 9 or

10,"which is before the Beaver County complaint was filed. With defendant already in custody on those charges, nothing would be gained from the above collusive scenario. We therefore conclude that the events were not an attempt to circumvent Rule 1100; that the proper date for beginning the Rule 1100 period is March 31; and that the Commonwealth's initial petition was timely filed.

Since the petition was timely filed, we must determine whether the Commonwealth has shown that they have been unable to begin defendant's trial despite the exercise of due diligence: Pa.R.Crim.P.1100(c). Following the filing of the complaint on March 31, the preliminary hearing was set for April 8. The hearing was continued on the request of defendant's attorney and rescheduled for May 8. The hearing was started on May 8 and extended to May 9. Because of the amount of testimony taken, the hearing could not be concluded on May 9. The next earliest date which was acceptable to the magistrate, defense counsel, and the district attorney was June 5. The hearing was therefore continued to that date when it was concluded. The magistrate sent the transcript to the court on June 6. It was received in the prothonotary's office on June 11. Since the June grand jury session had already concluded and there was no July grand jury, defendant could not be indicted until the August grand jury session. Defendant was indicted on August 8 and waived arraignment on August 14. On September 8, defendant requested an extension of time to file a pre-trial omnibus motion, a bill of particulars and discovery, because of counsel's involvement in preparing for the trial of the other homicide charges which were pending against defendant. The trial on those other charges commenced on September 15 and continued to Oc-

tober 6. On September 19, the Commonwealth filed its first request for extension. Further complicating matters was the order of the Disciplinary Board of the Commonwealth of Pennsylvania which prohibited defendant's counsel from practicing law after October 3, 1980. Although counsel was able to conclude the trial in progress at that time pursuant to an order of court, he was unable to continue his representation in the present case. Defendant was without counsel and could not be tried until counsel was appointed and filed an appearance on October 30. On October 29, the Commonwealth filed a second motion to extend to November 28, (since its first motion had requested extension only until October 31). A hearing on both motions for extension was held on November 7. On November 13, counsel for defendant requested that this case, which was listed for trial during the week of November 17, be continued so that they could familiarize themselves with the facts of the case as well as engage in various pre-trial procedures. Counsel requested the case be continued to the January term of court. Both the continuance and an extension of time to engage in pre-trial procedures were granted by order of court dated November 13. On November 28, the Commonwealth filed its third request for extension, this time until January 30, 1981, fearing that even if its prior requests for extension were granted, defendant's continuance would prevent trial until after expiration of the extended period. A hearing on this motion was held on December 30, 1980.

Based on the above facts, it is abundantly clear to this court that the Commonwealth has exercised due diligence in its attempt to commence trial but has been unable to do so because of the unusual circumstances surrounding the case. Therefore,

the Commonwealth's petitions to extend which have been considered by this court are granted and the time for commencement of trial is extended to the next date consistent with the court's business, said date being January 30, 1981.

## ORDER

Now, January 16, 1981 for the reasons set forth in the foregoing memorandum opinion, the application of the Commonwealth to extend the time for commencement of trial to October 31, 1980, is granted; and the application of the Commonwealth to extend time for commencement of trial to November 28, 1980 was granted; and The Third application of the Commonwealth to extend time for commencement of trial to January 30, 1981 was also granted.