390 A.2d 747

**Robert S. KOWATCH, Appellant,**

v.

**ATLANTIC RICHFIELD COMPANY.**

Supreme Court of Pennsylvania.

Argued Sept. 26, 1977.

Decided Aug. 10, 1978.

Norman P. Zarwin, Zarwin, Baum, Arangio & Somerson, Philadelphia, for appellants.

Richard E. LaFarge, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

OPINION OF THE COURT

ROBERTS, Justice.

On April 25, 1975, appellant Robert Kowatch, a service station dealer, filed a Complaint in Equity seeking a preliminary injunction prohibiting his petroleum supplier, Atlantic Richfield Company (Arco), from terminating the business relationship between the parties. Kowatch alleged that on May 1, 1974, he and Arco signed a printed form captioned a "Service Station Lease," authorizing Kowatch to operate an Arco service station in Palmerton and stating a one year term of occupancy. Kowatch alleged that his operation of the business was "more than satisfactory," complying with all provisions of the "Service Station Lease," except the "hours of operation" clause requiring him to operate the station from 6:00 a. m. to 11:00 p. m. Kowatch contended that the national policy of conserving energy and economic realities precluded operation of the station for the seventeen hours per day set forth in the "Service Station Lease." Instead, Kowatch reduced his hours of operation to twelve hours a day, from 9:00 a. m. to 9:00 p. m. According to Kowatch, Arco "harassed and demanded" him to adhere to the seventeen hour schedule set forth in the "Service Station Lease." On March 24, 1975, Arco mailed Kowatch a "Notice of Default," demanding payment of a $10.64 penalty, and the next day sent a "Notice of Lease Termination," effective upon expiration of the term of occupancy stated in the printed form.

Concluding Arco had an absolute right to recover possession of the service station at the end of the stated term, the trial court sustained Arco's Preliminary Objections, in which Arco asserted that "the term of the agreement sued upon has expired." The trial court dismissed Kowatch's complaint. The Superior Court affirmed without opinion, and we granted allowance of appeal.[1]

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II § 204(a), 17 P.S. § 211.204(a) (Supp.1978).

Kowatch contends, as he did in his complaint, that the printed form signed by the parties embodies a franchise agreement Arco could terminate only for "adequate and sufficient cause." Arco relies upon the trial court's determination that its status as landlord entitles it to recover possession upon expiration of the term stated in the printed form.[2]

In *Atlantic Richfield Co. v. Razumic,* 480 Pa. 366, 390 A.2d 736 (1978), we held that a printed form "DEALER LEASE" containing provisions requiring a gasoline dealer to operate a petroleum supplier's service station in a manner reflecting favorably on the supplier's public image and to display the supplier's trademarks and products as prescribed by the supplier, and authorizing the supplier to inspect the service station and the dealer's financial records periodically to assure continued compliance with the terms of the writing, embodied a franchise agreement. We reached this conclusion even though the parties captioned the writing in a manner suggesting a landlord and tenant relationship. The form writing in this case contains provisions substantially identical to the writing in *Razumic.* Based on *Razumic,* we agree with Kowatch that the writing he and Arco signed embodies a franchise.

In *Razumic,* the form writing was silent concerning the petroleum supplier's right to terminate the franchise agreement without cause. After considering the relationship between parties to a contract nearly identical to the present one and their reasonable expectations, we concluded that the supplier owed its dealer an obligation to act in a commercially reasonable manner, which precluded arbitrary termination of the franchise agreement based solely upon expiration of the term of occupancy.

Here, too, the writing does not expressly provide for Arco's termination of the franchise agreement without

2. In its Preliminary Objections to Kowatch's complaint, Arco averred that termination was lawful because Kowatch violated the "hours of operation" clause. Arco has expressly abandoned this contention.

cause. Here, as in *Razumic* we hold that Arco cannot arbitrarily terminate its franchise agreement with Kowatch.

Accordingly, we reverse the order of the Superior Court affirming the order of the court of common pleas sustaining Arco's preliminary objections to Kowatch's complaint and remand for further proceedings consistent with this opinion. Each party pay own costs.

PACKEL, J., did not participate in the decision of this case.

POMEROY, J., filed a concurring opinion in which NIX, J., joins.

POMEROY, Justice, concurring.

The trial court sustained Atlantic Richfield's (ARCO) preliminary objection in the nature of a demurrer (that "the term of the agreement sued upon has expired") and concluded that ARCO had an absolute right to recover possession of the service station at the end of the stated term. The complaint had alleged, however, that ARCO, despite the language of the lease with respect to expiration of the term, had created the understanding "by statements, warranties and . . . by the conduct and actions of the said defendant that: the agreements were to be in full force indefinitely . . . [and] that the agreements would not be terminated without cause." If such facts are proved, I believe that despite expiration of the term ARCO would be estopped from arbitrarily refusing to renew the agreement. See *Atlantic Richfield Co. v. Razumic*, 480 Pa. 366, 390 A.2d 736 (1978) (concurring opinion of POMEROY, J.). Accordingly, I agree that the order sustaining ARCO's demurrer must be reversed and the case remanded for a determination of the legal issues therein presented.

NIX, J., joins in this opinion.