421 A.2d 777

**COMMONWEALTH of Pennsylvania**

v.

**Alfred Melvin DORSEY, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Edward F. Browne, Jr., Assistant District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

ROBERTS, Judge:

Appellant Alfred Melvin Dorsey was charged by three separate complaints with conspiracy to commit burglary, loitering and prowling, and possessing instruments of crime. These charges were subsequently set forth in three separate indictments. On June 12, 1979 appellant pleaded guilty to these charges. In sentencing appellant, the court assessed costs on each of the three indictments. Appellant then filed a motion challenging the propriety of assessing three sets of costs. The court denied the motion, and an appeal from that order followed.

\* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania, is sitting by designation.

390

■ This case is controlled by the Act of March 10, 1905, P.L. 35, § 2, which provides:

"It shall be unlawful, in all criminal prosecutions hereafter instituted, to tax costs in and on more than one return, information, complaint, indictment, warrant, subpoena or other writ, against the same defendant or defendants, where there has been a severance or duplication of two or more offenses which grew out of the same occurrence, or which might legally have been included in one complaint and in one indictment by the use of different counts." [1]

The crimes charged here, according to Commonwealth testimony at the guilty plea and sentencing hearing, arose out of the same occurrence or transaction. Accordingly, only one set of costs should have been assessed. See *Commonwealth v. Adams,* 280 Pa.Super. 391, 421 A.2d 778.

■ The Commonwealth raises two objections to this conclusion. First it claims that the plea agreement, to which appellant allegedly consented in a knowing and intelligent fashion, provided for three sets of costs. It must be obvious, however, that a plea agreement cannot contain a term proscribed by the Legislature. It is appropriate, then, to strike such a term from the agreement, especially when, as is undisputed here, that term did not induce the Commonwealth to enter the agreement.

■ Second, the Commonwealth contends that appellant failed to raise his claim in a timely fashion. We disagree. Pa.R.Crim.P. 1410 provides that motions to modify sentence shall be filed within ten days of imposition of sentence. Such procedure was complied with here.

Accordingly, we modify appellant's sentence to assess only one set of costs against appellant and remand for proceedings consistent with this opinion.

1. This statute, formerly 19 P.S. § 1294, was repealed subsequent to imposition of sentence. Act of April 28, 1978, P.L. 202, § 2(a) [879], effective June 27, 1979.