421 A.2d 778

**COMMONWEALTH of Pennsylvania**

v.

**Ellis Neal ADAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 6, 1979.

Filed Aug. 15, 1980.

Thomas G. Klingensmith, Assistant Public Defender, Lancaster, for appellant.

Ronald L. Buckwalter, District Attorney, Lancaster, for Commonwealth, appellee.

Before BROSKY, WICKERSHAM and ROBERTS, JJ.*

ROBERTS, Judge:

On April 30, 1979, an officer of the Pennsylvania State Police filed nine criminal complaints against appellant Ellis Neal Adams. Each complaint charged appellant with the commission of a theft by unlawful taking or disposition, 18 Pa.C.S. § 3921(a). Nine informations were then lodged against appellant by the Lancaster County prosecutor on the basis of these complaints. Appellant pleaded guilty to these charges, and was sentenced to serve one year probation, to make restitution, and to pay nine sets of costs. Appellant filed a timely motion to modify sentence, seeking reduction of the costs assessed to one set only. That motion was denied, and this appeal followed.

The Legislature has declared:

"It shall be unlawful, in all criminal prosecutions hereafter instituted, to tax costs in and on more than one ... information ... against the same defendant ... where there has been a severance or duplication of two or more offenses ... which might legally have been included in one complaint and one [information] ... by the use of different counts."

Act of March 10, 1905, P.L. 35, § 2;** see 42 Pa.C.S. § 8931. Moreover, our Rules of Criminal Procedure provide that "[t]wo or more offenses of any grade, other than murder, may be charged in the same information if they are of the same or similar character ...." Pa.R.Crim.P. 228(b). In this case, each of the nine offenses charged (1) was committed by appellant with the same accomplice, and (2) involved the theft of used vehicle batteries, (3) all of which were sold

* Justice SAMUEL J. ROBERTS of the Supreme Court of Pennsylvania is sitting by designation.

** This statute, formerly 19 P.S. § 1294, was repealed subsequent to imposition of sentence. Act of April 28, 1978, P.L. 202, § 2(a) [879], effective June 27, 1979.

to the same junk dealer. In our view, the nine thefts charged are "of the same or similar character," and thus could have been charged on the same information. We must conclude, therefore, that only one set of costs should have been assessed against appellant. See *Commonwealth v. Dorsey,* 480 Pa. 388, 421 A.2d 777 (1980).

Accordingly, we modify appellant's sentence to assess only one set of costs against appellant, and remand this case for proceedings consistent with this opinion.