438 A.2d 612

**COMMONWEALTH of Pennsylvania,**

v.

**Edward P. HARRISON, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 2, 1981.

Filed Sept. 4, 1981.

Reargument Denied Jan. 12, 1982.

Hugh C. Clark, Philadelphia, for appellant.

Nancy D. Wasser, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, POPOVICH and WATKINS, JJ.

WICKERSHAM, Judge:

Following a trial by jury, defendant-appellant, Edward P. Harrison, was found guilty of unauthorized use of an automobile and theft by receiving stolen property.[1]

Appellant originally was tried before the Honorable Bernard J. Goodheart and a jury on September 14, 1978. A new trial was granted July 11, 1979 for reasons unconnected with the present appeal. Appellant was retried commencing Monday, December 17, 1979 before the Honorable William M. Marutani and a jury, and was convicted and sentenced.

---

1. 18 Pa.C.S. § 3928 and 18 Pa.C.S. § 3925 respectively. Unauthorized use of an automobile is a misdemeanor of the second degree,

Defendant alleges in this appeal that he should be discharged because he was not retried within 120 days of the date when his new trial was granted.

> When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

Pa.R.Crim.P. 1100(e)(1).

Inasmuch as the new trial was granted on July 11, 1979, Rule 1100(e)(1) required the Commonwealth to bring the defendant to trial by November 8, 1979. Trial actually commenced, as indicated hereinabove, Monday, December 17, 1979. Appellant poses the question involved in this appeal as follows:

> In a situation where the Court allows an indigent defendant's court-appointed counsel to withdraw from his case, and there are twenty-four days remaining under the time demands of Pa.R.Crim.P. 1100, is the Commonwealth empowered to request a continuance more than five weeks beyond the run-date for the ostensible purpose of giving the defendant and his new counsel ample time to prepare their case?

Brief for Appellant at 2.

The governing principle which must guide our examination of Rule 1100 was recently restated by Justice Kauffman in *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981), wherein it was said:

> Rule 1100 'serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society,' *Commonwealth v. Brocklehurst*, 491 Pa. 151, [153–154], 420 A.2d 385, 387 (1980); *Commonwealth v. Hamilton*, 449 Pa. 297, 297 A.2d 127 (1972). In

authorizing a maximum penalty of two years imprisonment or $5,000.00 fine or both. Receiving stolen property is a felony of the third degree if the property is an automobile, and the maximum penalty is seven years imprisonment or fine of $15,000.00 or both. Post trial motions were heard and denied and the defendant was sentenced to concurrent prison terms of one to two years on the charge of unauthorized use of an automobile and two to five years on the charge of receiving stolen property. This appeal followed.

determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. *Commonwealth v. Johnson,* 487 Pa. 197, 205 n.4, 409 A.2d 308, n.4 [1979]. The administrative mandate of Rule 1100 certainly was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

. . . .

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime. In considering matters such as that now before us, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well. Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system.

*Id.,* 493 Pa. at 70–72, 425 A.2d at 369–371.

The difficulty arose in this case due to the successive withdrawal of several court-appointed counsel. A review of the record reflects the following:

*July 11, 1979:* New trial granted by Judge Goodheart; trial scheduled for October 15, 1979 and defendant represented by Eugene Edw. J. Maier, Esquire.

*September 21, 1979:* Eugene Edw. J. Maier, Esquire permitted to withdraw as counsel.

*September 26, 1979:* Stephen E. Levin, Esquire appointed to represent defendant.

*October 11, 1979:* Stephen E. Levin, Esquire permitted to withdraw as counsel.

*October 11, 1979:* Norman Ackerman, Esquire appointed to represent defendant.

*October 15, 1979:* Scheduled trial listing; Norman Acker-man, Esquire permitted to withdraw as counsel; Court continues case, trial set for December 17, 1979 and new counsel to be appointed.

*October 15, 1979:* Hugh C. Clark, Esquire appointed to represent defendant.

*November 8, 1979:* Commonwealth files a timely Pa.R. Crim.P. 1100(c) petition to extend; hearing set for November 20, 1979.

*November 20, 1979:* Rule 1100(c) extension hearing continued to December 14, 1979 by mutual agreement of the parties.

*December 14, 1979:* Rule 1100 hearing held before the Honorable Abraham J. Gafni; Judge Gafni grants extension of time for trial until January 10, 1980.

*December 17, 1979:* Trial commences before the Honorable William M. Marutani sitting with a jury; at the conclusion of trial defendant is again convicted of all charges. Defendant represented by Hugh C. Clark, Esquire at trial.

*May 12, 1980:* Post-verdict motions argued and denied; defendant sentenced. Hugh C. Clark, Esquire representing defendant on appeal.

The Commonwealth filed its Petition to Extend on November 8, 1979. Since this was within the 120–day period following grant of a new trial, the application was timely filed. While filing of petitions at the earliest possible date may well be the better practice, filing on the last day is not fatal. *Commonwealth v. Schmoyer*, 280 Pa.Super. 391, 421 A.2d 786 (1980).

In *Commonwealth v. Mayfield*, 469 Pa. 214, 222, 364 A.2d 1345, 1349 (1976), the court advised:

Henceforth, the trial court may grant an extension under rule 1100 (c) only upon a record showing: (1) the 'due diligence' of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business. . . .

■ We agree with the conclusion reached by Judge Marutani in his opinion filed July 10, 1980 sur Pa.R.A.P. 1925 in which he said:

Although this case may present a close question as to whether the extension was properly granted, we have ruled that it was. The Commonwealth was ready to try defendant on October 15, 1979. The delay that resulted thereafter was due to an attempt by the district attorney to insure that the defendant could not raise a claim of ineffective assistance of counsel. The judge who heard the Rule 1100 extension Petition found no violation of the defendant's rights in this attempt. We affirm this finding.

*Id.* at 10 (footnote omitted).[2]

Judgment of sentence affirmed.

---

**2.** In *Commonwealth v. Metzger,* 249 Pa.Super. 107, 375 A.2d 781 (1977), we were confronted with the issue of whether a prosecutor exercised due diligence when he unilaterally postponed a defendant's trial because he did not think a fair jury pool was available. We found that the prosecutor had acted commendably, stating, "We cannot find that the prosecutor failed to exercise due diligence when the delay engendered was so obviously intended to foster the fair administration of justice." *Id.,* 249 Pa.Super. at 116, 375 A.2d at 786. Lower ct.op. at 10 n. 24.