463 A.2d 9

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Frank PIZZELLA, Jr.**

Superior Court of ·Pennsylvania.

Submitted April 7, 1982.

Filed July 15, 1983.

Petition for Allowance of Appeal Denied Nov. 16, 1983.

Chester B. Muroski, District Attorney, Wilkes-Barre, for Commonwealth, appellant.

Ronald D. Oley, Assistant Public Defender, Wilkes-Barre, for appellee.

Before HESTER, CAVANAUGH and CIRILLO, JJ.

CIRILLO, Judge:

This is an appeal by the Commonwealth from a lower court order dismissing charges against the appellee, which was predicated upon a finding that the appellee's right to a speedy trial under Pa.R.Crim.P. 1100 had been violated. We reverse.

On January 19, 1981, appellee was arrested and a criminal complaint was filed charging him with criminal solicitation.[1] On March 5, 1981, appellee filed a petition for writ of habeas corpus. On May 12, 1981, the Commonwealth filed a timely petition for an extension of time pursuant to Pa.R.Crim.P. 1100(c)(1). A 48-day extension was granted on May 20, 1981, because of the delay resulting from the

1. Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S.A. § 902.

pending habeas corpus petition. The case was called to trial on September 8, 1981. On the morning of trial, the appellee filed a motion to dismiss the charges pursuant to Pa.R.Crim.P. 1100(f). After hearing arguments, the Honorable Bernard Podcasy granted the appellee's motion, dismissing charges with prejudice. This appeal followed.

We find, as did the lower court, that the 180-day period under Rule 1100 began to run on January 19, 1981, when the complaint against the appellee was filed; and, further, that the 180th day was July 18, 1981. The lower court then added the 48-day extension to July 18, 1981, and concluded that the trial should have begun on or before September 4, 1981. This was incorrect.

The governing principle which must guide our examination of Rule 1100 was recently stated by Justice Kauffman in *Commonwealth v. Genovese*, 493 Pa. 65, 425 A.2d 367 (1981), wherein it was said:

> Rule 1100 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society.... In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it.... So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of the accused, Rule 1100 must be construed in a manner consistent with society's right to punish and deter crime.

*Id.*, 493 Pa. at 68, 425 A.2d at 369.

■ This court in *Commonwealth v. Jones*, 258 Pa.Super. 50, 391 A.2d 667 (1978), held that time calculations under Rule 1100 are made in compliance with 1 Pa.C.S.A. § 1908.[2] The error in the instant case was in the lower court's failure to apply § 1908, which states in pertinent part:

**2.** Act of Dec. 6, 1972, P.L. 1339, No. 290, § 3.

Whenever the last day of any such period shall fall on Saturday or Sunday, or any other day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation.

Had the lower court applied § 1908, the 48-day extension would have been added to July 20, 1981, which was the Monday following July 18, 1981, a Saturday. This additional two-day period would have made the final date for trial to commence, under Rule 1100, September 6, 1981, a Sunday. Again applying § 1908, September 6, 1981 and September 7, 1981, Labor Day, would have been omitted, making the final date for trial September 8, 1981. Thus, the appellee's rights under Rule 1100 would not have been violated by the commencement of trial on September 8, 1981.

It is well established that the Commonwealth can wait until the 180th day to apply for an extension under Pa.R. Crim.P. 1100(c)(1). *Commonwealth v. Harrison,* 293 Pa. Super. 211, 438 A.2d 612 (1981); *Commonwealth v. Schmoyer,* 280 Pa.Super. 406, 421 A.2d 786 (1980). Had the Commonwealth chosen to apply for an extension on the final day, a right to which they were fully entitled, they would have received the benefit of § 1908. The final day for an extension would have been July 20, 1981, since July 18, 1981 was a Saturday. *See also, Commonwealth v. Murray,* 263 Pa.Super. 496, 398 A.2d 686 (1979). In the interest of fundamental fairness, it seems appropriate that the Commonwealth should not be penalized for petitioning early for an extension; to the contrary, it should be encouraged.

■ We also note that the lower court properly granted the 48 day extension to the Commonwealth. In the case of *Commonwealth v. Mayfield,* 469 Pa. 214, 222, 364 A.2d 1345, 1349–50 (1976), the Supreme Court established the requirements with which the prosecution must comply before a Rule 1100(c) extension may be granted:

Henceforth, the trial court may grant an extension under Rule 1100(c) only upon a record showing: (1) the "due

diligence" of the prosecution, and (2) certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the Court's inability to try the Defendant within a prescribed period, the record must also show the causes of the court delay and the reasons why the delay cannot be avoided. *See also: Commonwealth v. Walls*, 303 Pa.Super. 284, 449 A.2d 690 (1982).

An examination of the record of the extension hearing shows that the Commonwealth did establish due diligence and that the trial had been scheduled for the earliest possible date. The appellee had requested a Writ of Habeas Corpus which the trial court took under advisement. Both parties were supposed to present briefs to the trial judge within a matter of days concerning how the habeas corpus matter was to proceed, however, neither party carried out their assignment expediently, for briefs had still not been filed at the time of the extension hearing. The trial judge felt compelled to grant an extension of trial while the habeas corpus proceeding was still pending since the delay was the fault of both parties. We find no error or abuse of discretion committed by the trial court.

Accordingly, the information is reinstated and the case is remanded for trial to commence within 120 days, Pa.R. Crim.P. 1100(e). Jurisdiction is relinquished.

REVERSED AND REMANDED.

CAVANAUGH, J., files a dissenting opinion.

CAVANAUGH, Judge, dissenting:

I dissent.

The majority holds that § 1908 should be applied twice to one 48 day extension. I find this position untenable.

It is true that the Commonwealth could have waited until Monday, July 20th, to bring appellee to trial. But to say that because the trial could have commenced on Monday, the extension should be computed from Monday is a complete nonsequitur. There is no more reason to begin the

running of the 48 day extension in this case on Monday than there would be to begin the running of the 180 day period on Monday in any case where the complaint was filed on a Saturday or a Sunday.

The majority correctly states that the Commonwealth could, in this case, have waited until Monday to apply for an extension. They assume that if the Commonwealth had waited until Monday to apply for the extension, then the period of the extension would have begun to run on Monday. They then conclude that the Commonwealth should not be penalized for petitioning early for an extension. I feel, however, that even if the extension had been applied for and granted on Monday, July 20th, the period of the extension would have been properly computed from the expiration of the original 180 day period, or Saturday, July 18th.

Regardless of when an extension is granted, it should run from the date on which the 180 day period expires. In this case, therefore, the extension expired on Friday, September 4th. Since appellee was not brought to trial by that date, the lower court properly ordered him discharged under Rule 1100. I would therefore affirm.