**Commonwealth v. DeMarco**

*Harry A. Penich,* assistant district attorney for the Commonwealth.

*Charles F. Gilchrest,* for defendant.

FORNELLI, *J.,* July 20, 1984 — Defendant Frank DeMarco has been found guilty by a jury of driving an unregistered vehicle,[1] a beer distributor truck, while his operator's privileges were suspended[2] and while under the influence of alcohol.[3] Defendant, through his attorney, filed timely motions for new trial and arrest of judgment pursuant to Pa.R.Crim.P. 1123.

Issues numbered five and seven in the new trial motion and the first issue in the motion in arrest of judgment are waived, however, since they were not briefed or argued as required by Rule 1123. Commonwealth v. Manigault, 501 Pa. 506, 509, 462 A.2d 239, 240-41 (1983). In addition, the first issue in the new trial motion and issues numbered 2(a)-(d) in defendant's motion for arrest of judgment allege "boiler plate" grounds for relief that are also waived as they are an inadequate means of preserving an issue for review. Commonwealth v. Holmes, 315 Pa. Super. 256, 461 A.2d 1268 (1983) (en banc); accord Commonwealth v. Cardona, 316 Pa. Super. 381, 463 A.2d 11 (1983). The remaining issues set forth in both motions are without merit and are denied.

---

1. Act of June 17, 1976, P.L. 162 no. 81, §1 (75 Pa. C.S. §1301 (1977); later amended by Act of July 22, 1983, P.L. 122, no. 32, §2 (75 Pa. C.S. §1301 (1984-85)).

2. Act of June 17, 1976, P.L. 162, no. 81, §1; as amended Dec. 15, 1982, P.L. 1268, no. 289, §4 (75 Pa. C.S. §1543 (1984-85)).

3. Id. §3731 (a)(1).

## I

Defendant's first two issues deal with the requirement that a defendant be brought to trial within 180 days. Defendant argues, as he did in his previously denied Rule 1100(f) motion for dismissal, that the 180 days began to run on the date of defendant's warrantless arrest and that this time period must expire on the 180th day even if it is a Saturday, Sunday or legal holiday. Both contentions are without merit.

Pa.R.Crim.P. Rule 1100(a)(2) provides:

Trial in a court case in which a written complaint is filed against the defendant . . . shall commence no later than one hundred eighty (180) days *from the date on which the complaint is filed.* [Emphasis added].

The comment to Rule 1100 indicates: the "ultimate goal [is] to require all cases to be tried within 180 days from the filing of a complaint . . . ." For the purpose of this rule only, it is intended that "complaint" also includes *special documents* used in lieu of a complaint to initiate criminal proceedings in extraordinary circumstances; namely, the presentment of a grand jury, . . . the submission by the attorney for the Commonwealth of a bill directly to an indicting grand jury when haste is required . . . and criminal proceedings instituted by a medical examiner [citation omitted]. [Emphasis added].

Thus, the rule clearly provides that the Rule 1100 period is triggered by the filing of a complaint or other "special document." Defendant asks that we disregard the plain language of the rule and commentary, however, and hold that his warrantless arrest triggered the rule instead of the filing of the complaint. Defendant relies primarily on Commonwealth v. Mitchell, 472 Pa. 553, 372 A.2d 826 (1977).

The Mitchell court addressed the issue of whether the running of the rule 1100 period begins to run from the date the complaint was filed or from the date defendant was arrested 81 days later pursuant to a warrant. The court held that where the complaint precedes the arrest, the presentment of a complaint to a court begins the 180 day period. Relying on the comment to Rule 1100 quoted above, the court opined that "Rule 1100 contemplates the commencement of the running of the mandatory period at the point criminal proceedings are initiated." Id. at 559-60 n.2, 372 A.2d at 829 n.2; see also Commonwealth v. Robinson, 498 Pa. 379, 446 A.2d 895 (1982). The Mitchell court left open the question, however, of whether a warrantless pre-complaint arrest, as here, initiates criminal proceedings for purposes of Rule 1100.

A close analysis of the Rule 1100 comment, however, compels the conclusion that criminal proceedings are initiated for purposes of Rule 1100 only either by the filing of a written complaint or one of the "special documents" enumerated in the comment.[4] Both the language and the spirit of the rule contemplate the filing of a document before a court as a benchmark or operative event from which the 180 day period must be calculated.

We are mindful that Rule 1100 is an administrative rule that must be construed, absent prosecutorial misconduct,[5] "in a manner consistent with society's right to punish and deter crime." Commonwealth v. Genovese, 493 Pa. 65, 7 2, 425

---

4. Therefore, we need not resort to Rules 3(g) and 110, which are broader in scope, to determine when a criminal proceeding is initiated for purposes of Rule 1100.

5. There is no allegation or evidence of prosecutorial misconduct here, either negligently or intentionally.

A.2d 367, 370 (1981). "Strained and illogical judicial construction adds nothing to our search for justice, but only serves to expand the already bloated arsenal of the unscrupulous criminal determined to manipulate the system." Id. at 7 2, 425 A.2d at 371.

Accordingly, the Superior Court decided the issue in Commonwealth v. Dygert, 277 Pa. Super. 544, 419 A.2d 1282 (1980). In Dygert, defendant was arrested without a warrant for driving under the influence of alcohol and was taken to the police station for a breathalyzer test (.23 percent blood-alcohol result). She was jailed overnight and released in the morning. A pure administrative police error, however, resulted in a 341 day delay between the arrest and the filing of a complaint. The court distinguished Mitchell and held that the filing of the complaint triggered Rule 1100 not the prior warrantless arrest. The Dygert court relied on the plain wording of Rule 1100, the fact that defendant was not subject to prosecution until the complaint was issued as well as the fact that the delay was not an attempt to circumvent the Rule. Id. at 548, 419 A.2d at 1285. Cf. Commonwealth v. Loman, ____ Pa. Super. ____, 472 A.2d 217 (1984) (180 day period commences when a private complaint is filed, endorsed by issuing authority and process was issued).

Defendant here was arrested by Farrell Police at 11:24 p.m. on February 6, 1983 and was given a breathalyzer test at 11:56 p.m. at the Sharon Police Department, which revealed a .20 blood-alcohol ratio. Defendant was returned to the Farrell Police Department at 12:10 a.m. on February 7, 1983 and placed in a cell. Attempts to awaken by calling to him and shaking him at 1:00 a.m. for purposes of arraignment were unsuccessful. Consequently, defendant spent the night sleeping in jail. He was released at 7:30 a.m. and instructed to appear at 4:00

p.m. that day to the District Justice's office for his preliminary arraignment. The complaint was filed that same day, February 7, 1983.

The 180 day period would have run out on August 5, 1983 (a Friday) if computed from the date of the warrantless arrest or on August 6 (a Saturday) if computed from the date the complaint was filed. On September 8, 1983,[6] we denied defendant's Rule 1100(f) motion to dismiss holding that the 180 day period was computed from the day of filing the complaint. We here reaffirm our earlier position in line with Dygert and the plain language of Rule 1100.[7]

Defendant next argues that the Statutory Construction Act should not be applied to Rule 1100

---

6. At his request, defendant was granted a continuance from August 8, 1983 to September 23, 1983 so that he could retain counsel and prepare his defense for the September trial term. This period of time was excluded for Rule 1100 purposes pursuant to Rule 1100(d)(3)(ii). See Findings of Fact and Conclusions of Law (Sept. 8, 1983).

7. Defendant is concerned that our ruling will not encourage police to file complaints promptly. We disagree. Rule 130(a) requires a preliminary hearing without unnecessary delay. Police have the discretion under Rule 130(b), however, to release a defendant from custody when arrested for driving under the influence rather than taking them before an issuing authority, in which case the complaint must be filed within five days of defendant's release. Rule 130(d). The lengthy delay in Dygert which was deemed permissible would, therefore, violate Rule 130(d) which did not exist when Dygert was decided.

In any event, defendant's concerns are unfounded since intentional delays in presenting a complaint to a court will be counted within the Rule 1100 period. See, e.g., Commonwealth v. Whitaker, 467 Pa. 436, 359 A.2d 174 (1976); Commonwealth v. Lewis, 254 Pa. Super. 152, 385 A.2d 570 (1978).

since it applies under its own terms to statutes only.[8] Defendant maintains, therefore, that the 180th day can fall on a Saturday, Sunday or a legal holiday. We disagree.

The comment to Rule 1100 expressly provides: "It is intended that the number of days set forth in paragraphs (a) and (e) be calculated as prescribed by the statutory construction Act of 1972 section 3, 1 Pa. C.S. §1908." Similarly, Rule 2 provides that the criminal rules shall be construed "in consonance with the rules of statutory construction." Thus, section 1908 is applicable by reference despite the absence of the word "rules" therein.

Moreover, several cases have held that section 1908 applies to Rule 1100 and that an extension to the next available court date must be granted if the 180th day falls on a Saturday, Sunday or legal holiday. Commonwealth v. Sanford, 497 Pa. 442, 441 A.2d 1220 (1982); Commonwealth v. Pizzella, 316 Pa. Super. 376, 463 A.2d 9 (1983). It would be an abuse of discretion not to apply section 1908 to Rule 1100. Id.

## II

Defendant also asserts that 75 Pa. C.S. §3731(d) and 1552[9] were violated when he was refused acceptance by this court into the Accelerated Rehabilitative Disposition (ARD) program. Section 1552

---

8. Defendant concedes in his brief that under section 1908 Saturdays, Sundays and legal holidays are excluded when the 180th day falls thereon. Act of Dec. 6, 1972, P. L. 1339, no. 290, §3 (1 Pa. C.S. §1908 (1964-83)).

9. Act of Dec. 15, 1982, Pub. L. 1268, No. 289, sec. 8 (Purdons Supp. 1984-85).

directs common pleas courts to establish and implement an ARD program, for persons charged with violating section 3731, in accordance with Chapter 15 of the Vehicle Code and rules adopted by the Supreme Court. Thus, section 1552 delegated authority to this court to establish and implement an ARD program, but it did not create an absolute right to admission therein.[10] See Pyle v. Court of Cumberland County, 494 Pa. 323, 431 A.2d 876 (1981).

Moreover, sec. 1552 is consistent with case law which holds that a defendant has no right to demand acceptance into ARD. Commonwealth v. Boerner, 268 Pa. Super. 168, 407 A.2d 883 (1979), app. dism'd, 491 Pa. 416, 421 A.2d 206 (1980); see also Commonwealth v. Kindness, 247 Pa. Super. 99, 371 A.2d 1346 (1977).

Pa.R.Crim.P. 175-185 embrace the procedure whereby defendants may apply for and be admitted to ARD. It is clear throughout these rules that admission into the program is discretionary. Rule 179(c), for example, provides that the judge shall state the conditions of the program to the parties after hearing the facts of the case he believes ARD is warranted. Rule 179(d) further provides that after certain stated procedures "the judge *may grant the motion for accelerated rehabilitation disposition. . . .*" (Emphasis added).

The language of Rule 179(d) that the court "may grant" ARD is similar to the wording of Rule 175's

---

10. Section 1552 did not enact any guidelines for ARD programs. It follows, therefore, that the various courts of common pleas were left to their good discretion in implementing these programs subject only to the Pa.R.Crim.P. 175-185 and Chapter 15 of the Vehicle Code, neither of which enumerate any factors the courts may or may not consider in administering the program.

provision that the district attorney upon motion "may move" the case be considered for ARD. While we have found no cases that expressly interpret the discretion granted the court by the words "may grant" in Rule 179(d), the appellate courts have construed "may move" in Rule 175 to grant broad discretion to the district attorney to decide whether or not to request an ARD. Commonwealth v. Kindness, 247 Pa. Super. 99, 371 A.2d 1346 (1977). In fact, Judge Spaeth in his concurring and dissenting opinion to Kindness states, "without doubt, the lower court was correct in holding that this discretion [of the district attorney] was 'absolute'." Id. at 371 A.2d at 1354.

The comments to Rule 185 prepared by the Criminal Procedural Rules Committee point out: "no attempt has been made in these Rules to specify what case or classes of cases should be eligible for inclusion in the program."

Thus, the existence of a discretion in the court to refuse or accept a defendant into ARD is self-evident in the wording of the Rules of the Supreme Court providing for ARD and in the wording of the legislature in delegating to the courts in 75 Pa. C.S. §1552 the authority to establish and implement an ARD program for those charged with violating 75 Pa. C.S. §3731.

75 Pa. C.S. §3731(d) could not have been violated by defendant's failure to gain admittance to ARD as defendant urges since it merely directs the district attorney when *not* to approve an application for admission to the program. Defendant does not contend that the district attorney erred in submitting his ARD application to this court. Section 3731(d) simply has no bearing on the exercise of this court's section 1552 authority.

Defendant's request for admission to ARD was denied on September 6, 1983 after this court heard testimony relative to defendant's omnibus pretrial motion for relief. It there established that Farrell Detective Captain Rauschenbach had several times previously observed defendant driving under suspension. Instead of arrest, he warned defendant not to continue to operate the truck with an invalid license and during suspension. Despite these warnings, defendant again operated the truck knowingly violating the Vehicle Code while under the influence of alcohol with a .20 blood-alcohol level, reflected in his erratic driving and his inability to pass three field sobriety tests.

Such repeated behavior in violation of the law despite opportunities to desist evidenced an attitude and conduct which rendered defendant an unworthy candidate for an ARD program, which requires substantial self-supervision. Defendant was so advised by this court at the time his request was refused. That refusal did not violate section 1552 and was not an abuse of the discretion granted to this court thereunder.

### III

Defendant's final contention is that the court erred in instructing the jury that the blood-alcohol test result of .20 should be considered under the following guidelines:

First, because the results are greater than .10, the test results permit you to infer that the defendant was under the influence of alcohol. What this means, is that the test results, if accepted by you as accurate and reliable, is evidence that the defendant was under the influence of alcohol and it permits, it does not require you to so find.

You should consider this test result together with all of the other evidence in this case. And, if after considering all of the evidence you have a reasonable doubt as to whether the defendant was under the influence of alcohol, you must find him not guilty regardless of the inference that the test results permits. Partial Tr. Transcript at 12-13. Defendant maintains that it was error to permit the jury to infer intoxication when the new driving under the influence statute does not create a presumption regarding test results .10 or higher.[11] We disagree.

It is noteworthy that the statute provides a blood-alcohol result .05 percent or less creates the "presumption"[12] that the person tested was not under the influence of alcohol. 75 Pa. C.S. §1547(d)(1). A test result between .05 and .10, however, gives rise to no presumption. Id. §1547(d)(2). Furthermore, if the amount of alcohol by weight in the blood is .10 or more "this *fact* may be introduced into evidence if the person is charged with violating section 3731." Id. sec. 1547(d)(3) (Emphasis added).[13]

Defendant places great weight on the fact that the legislature did not in the most recent version of the statute provide expressly, as it did prior to the 1982 amendment, that test results .10 or higher cre-

11. Act of Dec. 15, 1982, P. L. 1268, No. 289, §5 (75 Pa. C.S. §1547(d)(3) (1984-85)).

12. Although the statute uses the term presumption, the Pennsylvania Supreme Court has interpreted this to be a permissive inference. Commonwealth v. DiFrancesco, 458 Pa. 188, 329 A.2d 204 (1974); Commonwealth v. Gearhart, 253 Pa. Super. 238, 384 A.2d 1321 (1978).

13. Under the former drunk driving statute, a .10 or higher was expressly declared a "presumption" of intoxication. Act of June 17, 1976, P. L. 162, no. 81, §1 (75 Pa. C.S. §1547(D)(3)(1977).

ate a presumption of intoxication. Defendant argues that this omission evidences the legislature's intent that a .10 blood-alcohol level cannot, therefore, give rise to an inference of intoxication. This contention is specious, however, in light of sec. 3731(a)(4) and the principles of the Statutory Construction Act.[14]

Two main principles of the Statutory Construction Act must be balanced. First, penal statutes are to be strictly construed. 1 Pa. C.S. §1928(b)(1). This tenet must be balanced with the presumption that the general assembly did not intend an absurd or unreasonable result. Id. sec. 1922(1). Furthermore, we must consider several factors to ascertain the intent of the legislature, such as the occasion for the statute, the object to be attained, the former law and the consequences of a particular interpretation. Id. sec. 1921(c).

It is significant that a blood-alcohol level of .10 or higher is treated under the amended drunk driving law as a violation per se. 75 Pa. C.S. §3731(a)(4). The mere condition of operating a vehicle with such a blood-alcohol level is the prohibited act. In addition, the language of 1547(d)(3) closely parallels the thrust of section 3731(a)(4) by mandating that the *fact* of a .10 or higher blood-alcohol level is admissible. This evidences a legislative perception that most prosecutions would proceed under 3731(a)(4) where the test result was .10 or higher rather than under (a)(1) or (a)(2) which would be utilized when there was no test results or the results were below .10. The legislature drafted the statute so that proof of intoxication is not an element of an (a)(4) of-

14. Act of Dec. 6, 1972, P. L. 1339, no. 290, §3 (1 Pa. C.S. §1901-10, 1921-39, 1951-57, 1961-63, 1971-78, 1991 (1964-63, 1984-85).

fense. Thus, an inference of the same would be immaterial, irrelevant and therefore unnecessary to an (a)(4) prosecution. Accordingly, the 1982 amendment need not provide an express inference thereof.

Defendant, however, would have us hold the absurdity that while the legislature in section 3731(a)(4) proscribed per se the driving of a vehicle with a .10 blood-alcohol level, that it on the other hand prohibited an inference of intoxication by reason of the same blood-alcohol level for violations based on sections 3731(a)(1) or (a) (3). We decline to so hold.

In light of the increased criminal significance which the legislature places upon a .10 or higher blood-alcohol level in section 3731(a)(4), and the increased penalties the legislature enacted for driving under the influence by its 1982 amendments, we cannot conclude that the legislature at the same time intended to relax or repeal the pre-existing inference of intoxication arising from a .10 or greater blood-alcohol level for (a)(1) and (a)(3) violations existing under the former section 1547(d)(3). Having increased the significance of the existence of a .10 or greater blood-alcohol level from a permissible inference of intoxication to a crime ipso facto for one section of the act and having made the test results admissible for all 3731 violations, it would be contradictory to find that the legislature sub silencio prohibited that inference for the other sections of 3731.

Section 1547(d)(3) provides for the admissibility into evidence of blood test results in *all* section 3731 prosecutions. Its relevancy, once admitted in section 3731(a)(1) and (a)(4) prosecutions can only exist in the very inference which defendant urges that the legislature repealed. See Commonwealth v. DiFrancesco, 458 Pa. 188, 329 A.2d 204 (1974).

The legislature by sec. 1547(d)(3) having mandated that the fact of a .10 or greater blood-alcohol level may be admitted into evidence in a case charging driving under the influence under any of the sections of 3731, the court here properly charged on the significance thereof.

Hence,

## ORDER

And now, this July 20, 1984, defendant's post-trial motions are denied.