J-S10041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JAYSON JOHNSON | |
| Appellee | No. 1497 EDA 2016 |

Appeal from the Order Dated May 6, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000318-2004

BEFORE: BENDER, P.J.E., DUBOW, J., and SOLANO, J.

MEMORANDUM BY SOLANO, J.:                    **FILED DECEMBER 22, 2017**

The Commonwealth appeals from the order granting Appellee Jayson Johnson's petition to enforce his guilty plea agreement, which provided for him to register as a sex offender for a period of ten years. We vacate and remand for further proceedings.

On September 1, 2004, Appellee entered a negotiated plea of guilty to one count of involuntary deviate sexual intercourse ("IDSI") with a fifteen-year-old girl, 18 Pa. C.S. § 3123(a)(7). In exchange for his plea, the Commonwealth *nolle prossed* a second count of IDSI, as well as two counts of statutory sexual assault, two counts of indecent assault of a person under 16 years of age, one count of corruption of minors, and one count of unlawful contact with a minor.[1] At the time of Appellee's plea, Section 9795.1 of Megan's Law II, Act No. 2000-18, § 3, P.L. 74, 77, 84 (May 10,

---

[1] 18 Pa. C.S. §§ 3122.1, 3126(a)(8), 6301(a)(1), and 6318(a)(1).

2000), *as amended*, Act No. 2002-134, § 3, P.L. 1104, 1108 (Nov. 20, 2002) (expired 2012), stated that individuals convicted of IDSI "shall be subject to lifetime registration" as sex offenders with the Pennsylvania State Police. *See* Trial Ct. Op., 5/6/16, at 3.[2] Appellee's written plea agreement did not mention any registration requirement, and the notes of testimony from the plea hearing are not available.[3]

On December 15, 2004, the trial court sentenced Appellee to 5-10 years' incarceration. The sentencing order did not mention a registration requirement, *see* N.T., 12/15/04, at 15-16, but immediately following his recitation of the order, the trial judge asked whether Appellee "ha[s] a plea agreement and assessment you have to read to him." *Id.* at 16. The assistant district attorney replied affirmatively, and, among other things, then stated, "The Defendant shall be required to register in this matter for a period of ***ten years*** following his release from incarceration." *Id.* at 17

---

[2] Section 3 of Act No. 2000-18 added Section 9795.1 to the Judicial Code as 42 Pa. C.S. § 9795.1. The 2002 amendment (which became effective on January 21, 2003) was the version in effect at the time of Appellee's conviction and until January 23, 2005. Trial Ct. Op. at 1 n.2. Section 9795.1 was amended several more times before it expired in 2012. Each of the amendments retained the designation of IDSI as a crime requiring lifetime registration. *See* Act No. 2011-111, § 9, P.L. 446, 471 (Dec. 20, 2011); Act No. 2008-98, § 7, P.L. 1352, 1356, 1358-59 (Oct. 9, 2008); Act No. 2006-178, § 6, P.L. 1567, 1575-76 (Nov. 29, 2006); Act No. 2004-152, § 8, P.L. 1243, 1252 (Nov. 24, 2004). Section 9795.1 expired on December 20, 2012. *See* 42 Pa. C.S. § 9799.41. It was replaced by a provision of the Sex Offender Registration and Notification Act, 42 Pa. C.S. § 9799.14, which also lists IDSI as a crime requiring lifetime registration.

[3] The testimony from the guilty plea hearing could not be transcribed due to the corruption of a floppy disc. Trial Ct. Op. at 5 n.5.

(emphasis added). Similarly, a written Notification at Sentencing stated, "The period of registration shall be for ten (10) years from release from incarceration." Notification, 12/15/04, at ¶ 8.[4]

On December 30, 2004, Appellee filed a motion to reconsider sentence. On January 3, 2005, the trial court denied that motion. Appellee filed a direct appeal, but later withdrew it.[5]

On December 20, 2012, the Sex Offender Registration and Notification Act (SORNA), 42 Pa. C.S. §§ 9799.10 to 9799.41, became effective and replaced Megan's Law. SORNA, like Megan's Law II, requires lifetime registration for offenders convicted of IDSI. *See* 42 Pa. C.S. §§ 9799.14(d)(4), 9799.15(a)(3).

_____

[4] The Notification provided for Appellee to initial each paragraph to show that he had read and understood it. Three paragraphs of the Notification are not initialed, including Paragraph 8, stating the ten-year registration requirement, and Paragraphs 10-11, stating that non-compliance with the registration requirement would be grounds for not releasing Appellee from prison and would be a felony. At the sentencing hearing, Appellee's counsel stated that he advised Appellee not to sign Paragraphs 10 and 11 because they "embrace issues that we might wish to preserve for appeal." N.T., 12/15/04, at 16. In response to that statement, the assistant district attorney read into the record each of the provisions relating to registration, including Paragraphs 8, 10, and 11, so that he then could certify that he "notified [Appellee] of [them] now in the context of this proceeding." *Id.* at 18.

[5] In a February 28, 2005 statement prepared pursuant to Appellate Rule 1925(a) in connection with Appellee's direct appeal, the trial court stated, "Defendant shall be subject to lifetime registration pursuant to 42 Pa. C.S.A. § 9795.1[.]" Statement Pursuant to Pa.R.A.P. 1925(a), 2/28/05, at 1 n.2. The registration requirement was not at issue in the direct appeal, and there is no explanation in the record for the discrepancy between the trial court's Rule 1925 Statement in 2005 and the statements made during the sentencing proceeding in 2004.

- 3 -

Upon learning of SORNA during his incarceration, Appellee became concerned that he would be subject to registration for a period longer than the ten-year period that he understood to be applicable to him. Therefore, on September 29, 2015, Appellee filed a "Petition to Enforce the Contract Made with the Commonwealth for Ten Year Megan's Law Registration Pursuant to [**Commonwealth v.**] **Hainesworth**[, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), **appeal denied**, 95 A.3d 276 (Pa. 2014)]."[6] On November 16, 2015, the trial court held a hearing on that petition. At that hearing, Appellee's counsel acknowledged that the version of Megan's Law in effect at the time of Appellee's plea called for lifetime registration for IDSI. She argued that Appellee was nonetheless entitled to relief because a 10-year registration requirement was part of his plea agreement. N.T., 11/16/15, at 3-4.

Appellee testified at the November 16, 2015 hearing that the assistant district attorney in his case offered him, in exchange for a guilty plea, a sentence of 5-10 years and a ten-year registration period. N.T., 11/16/15, at 13, 16-17. Appellee further testified that the judge discussed the ten-year registration requirement at his plea hearing. *Id.* at 14-15. Appellee

_____

[6] This Court has held that a petition seeking specific enforcement of the Megan's Law registration period in a plea agreement is not cognizable under the Post-Conviction Relief Act, 42 Pa. C.S. §§ 9541-46 (PCRA), and thus is not subject to the PCRA's time restrictions. **Commonwealth v. Partee**, 86 A.3d 245, 247 (Pa. Super.), **appeal denied**, 97 A.3d 744 (Pa. 2014). Although the precedential status of **Partee** is unsettled due to recent developments in the law, Appellee filed his petition to enforce the plea agreement in accordance with the law at the time he filed his petition.

- 4 -

stated that neither his attorney, nor the assistant district attorney, nor the trial court judge ever told him he would have to register for the rest of his life. *Id.* at 15-16. Appellee stated that the offer of a ten-year registration requirement led him to waive his right to a trial and to plead guilty instead. *Id.* at 16. Appellee said that he learned while he was in prison that he might be subject to a lifetime registration requirement and tried to contact the public defender's office, but was told that there was nothing to do until he was released from prison. Appellee did not try to contact the assistant district attorney who handled his plea agreement to obtain his testimony for the November 16, 2015 hearing. *Id.* at 20-22. He tried to contact his plea counsel, but was unable to locate him. *Id.* at 20.

The Commonwealth did not present any testimony at the November 16, 2015 hearing. It argued that the 10-year registration period was not part of the plea agreement, noting that the law called for lifetime registration at the time of the plea and that the plea colloquy did not mention any registration requirement. Following the hearing, both parties submitted briefs.

On May 6, 2016, the trial court granted Appellee's petition to enforce. The court explained, "[i]t is clear from the record that the Commonwealth specifically required a 10 year registration term." Trial Ct. Op. at 6. The court held that Appellee was entitled to the benefit of his bargain. *Id.*

On May 17, 2016, the Commonwealth filed a timely notice of appeal.[7] Upon review of the Commonwealth's brief, we identified a potential jurisdictional defect under **Commonwealth v. Demora**, 149 A.3d 330 (Pa. Super. 2016) (holding that the trial court lacked jurisdiction to consider a petition to enforce the sexual offender registration requirements in a plea agreement because the Pennsylvania State Police was not joined as an indispensable party). We ordered the parties to file supplemental briefs on the jurisdictional issue, and they complied. We then held the case pending the resolution of several cases that were pending before this Court *en banc*.

### Jurisdiction

Before we reach the issue the Commonwealth raises in this appeal, we must address whether the trial court had jurisdiction to decide Appellee's petition to enforce his plea agreement, notwithstanding our ruling in **Demora** that the Pennsylvania State Police (PSP) must be joined as an indispensable party to such actions.

On November 9, 2017, this Court, sitting *en banc*, recognized that the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), **pet. for cert. filed**, No. 17-575 (U.S., Oct. 13, 2017),[8] effectively overruled our decision in **Demora. See**

_____

[7] We are disappointed that Appellee did not file any brief on the merits of this appeal.

[8] In **Muniz**, the Supreme Court held that SORNA's registration provisions constitute punishment and that retroactive application of those provisions

*(Footnote Continued Next Page)*

***Commonwealth v. McCullough***, \_\_\_ A.3d \_\_\_, 2017 WL 5184490, at \*2 (Pa. Super., Nov. 9, 2017) (*en banc*).  Thus, the PSP need not be joined in an action to remove an individual from the sex offender registry, and the absence of the PSP imposes no jurisdictional barrier to consideration of a claim like that presented by Appellee.

### The Commonwealth's Appeal

The Commonwealth raises one issue, as stated in its brief:

> Did the trial court err in finding that a 10 year Megan's Law registration was a specifically bargained for part of the plea agreement, when it was not part of the written plea agreement, there was no mention of it in either the Plea Order or Sentencing Order, and the law in effect at the time mandated a lifetime registration?

Commonwealth's Brief at 4.[9]

*(Footnote Continued)* —————————

therefore violates state and federal constitutional prohibitions against ex post facto laws.  ***Muniz***, 164 A.3d at 1193 (opinion announcing judgment of Court); ***id.*** at 1224 (Wecht, J., concurring).  Although no opinion was joined by a majority of the Justices, the conclusion of unconstitutionality was shared by five of the Court's six participating members.  There therefore is no question that the holding stated in ***Muniz*** is binding law.

[9] Under ***Muniz***, SORNA cannot be applied retroactively to Appellee.  Thus, the only issue in this case is whether Appellee is subject a 10-year registration period under his plea agreement or to a lifetime registration period under Megan's Law.  Appellee does not argue that the expiration of Megan's Law in 2012 — several years after his conviction and sentencing — precludes its application to him now.  Moreover, the Pennsylvania Supreme Court has specifically enforced plea agreements with Megan's Law registration requirements after the expiration of Megan's Law and the enactment of SORNA.  ***See Commonwealth v. Martinez***, 147 A.3d 517, 533 (Pa. 2016) (holding that, after passage of SORNA, defendants who had pleaded guilty prior to enactment of SORNA in exchange for ten-year registration under Megan's Law were entitled to the benefit of their bargain).

We analyze plea agreements using "concepts closely associated with contract law." ***Commonwealth v. Martinez***, 147 A.3d 517, 531 (Pa. 2016). In that connection —

> Because contract interpretation is a question of law, this Court is not bound by the trial court's interpretation. Our standard of review over questions of law is *de novo* and[,] to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations.

***Calabrese v. Zeager***, 976 A.2d 1151, 1154 (Pa. Super. 2009) (citation omitted).

We have summarized the law applicable to petitions to enforce plea agreements as follows:

> Assuming the plea agreement is legally possible to fulfill, when the parties enter the plea agreement and the court accepts and approves the plea, then the parties and the court must abide by the terms of the agreement. Specific enforcement of valid plea bargains is a matter of fundamental fairness. The terms of plea agreements are not limited to the withdrawal of charges, or the length of a sentence. Parties may agree to – and seek enforcement of – terms that fall outside these areas.

> Although a plea agreement occurs in a criminal context, it remains contractual in nature and is to be analyzed under contract-law standards. Furthermore, disputes over any particular term of a plea agreement must be resolved by objective standards. A determination of exactly what promises constitute the plea bargain must be based upon the totality of the surrounding circumstances and involves a case-by-case adjudication.

> Any ambiguities in the terms of the plea agreement will be construed against the Government. Nevertheless, the agreement itself controls where its language sets out the terms of the bargain with specificity.

Regarding the Commonwealth's duty to honor plea agreements, well-settled Pennsylvania law states:

> Our courts have demanded strict compliance with that duty in order to avoid any possible perversion of the plea bargaining system, evidencing the concern that a defendant might be coerced into a bargain or fraudulently induced to give up the very valued constitutional guarantees attendant the right to trial by jury.

> Whether a particular plea agreement has been breached depends on what the parties to the agreement reasonably understood to be the terms of the agreement.

*Commonwealth v. Farabaugh*, 136 A.3d 995, 1001-02 (Pa. Super. 2016) (quotation marks and citations omitted, some formatting altered), *appeal denied*, No. 155 WAL 2016, 2017 WL 4621697 (Pa., Oct. 16, 2017); *see Martinez*, 147 A.3d at 532-33.

Pennsylvania courts have specifically enforced sexual offender registration requirements in plea agreements where those registration requirements were a material term of the plea. *See Martinez*, 147 A.3d at 533; *Commonwealth v. Ritz*, 153 A.3d 336, 343 (Pa. Super. 2016), *appeal denied*, 170 A.3d 995 (Pa. 2017); *Farabaugh*, 136 A.3d at 1003; *Commonwealth v. Nase*, 104 A.3d 528, 534-35 (Pa. Super. 2014), *appeal denied*, 163 A.3d 405 (Pa. 2016); *Hainesworth*, 82 A.3d at 450. In each of these cases, the defendant's plea agreement included a term regarding the length of the registration requirement (or the absence of a registration requirement) that fell into danger of abrogation by the enactment of SORNA. On its face, SORNA applied retroactively to individuals who were registered prior to SORNA's effective date, *see* 42 Pa. C.S. § 9799.13(3)(i), and it

- 9 -

increased the required registration periods for defendants convicted of certain offenses. To prevent application of SORNA's longer registration requirements, defendants with shorter registration terms in their plea agreements sought and successfully obtained specific enforcement of their agreements. Considering the totality of the circumstances, the courts in these cases concluded that the original, bargained for registration periods were part of a binding contract, SORNA's enactment of longer registration periods did not supersede those bargained-for provisions, and the defendants therefore were entitled to have their agreements enforced. **See, e.g.**, **Hainesworth**, 82 A.3d at 447-50.

Here, the trial court explained that it based its decision to enforce a ten-year registration period as part of Appellee's plea agreement upon a consideration of the totality of the circumstances, including Appellee's testimony that during plea negotiations the assistant district attorney told him he would be subject to a 10-year registration requirement. Trial Ct. Op. at 5-6. The Commonwealth presented no witnesses to contradict that testimony.[10] No transcript of the plea hearing is available to confirm Appellee's testimony, but the transcript of the sentencing hearing confirms that the court and the parties specifically referred to a "plea agreement" and that, in connection with that agreement, the assistant district attorney

_____

[10] The trial court noted that although Appellee did not call his plea counsel or the assistant district attorney to testify at the November 16, 2015 hearing, the Commonwealth did not call them either. Trial Ct. Op. at 6.

notified Appellee that there was a 10-year registration term. Trial Ct. Op. at 5; *see* N.T. 12/15/04, at 16-17. In light of the available evidence, the trial court concluded that, under cases such as *Hainesworth* and *Nase*, the 10-year registration term was a bargained-for part of the plea agreement, and that Appellee was entitled to specific enforcement of that term. Trial Ct. Op. at 5-6.

We do not question the trial court's resolution of the credibility and factual questions in this case. *See Calabrese*, 976 A.2d at 1154.[11] However, in the cases upon which the trial court relied, the bargained-for registration period was not contrary to the statutory requirements that were applicable *at the time* the plea was entered. Rather, the agreements contained terms that complied with the law at the time the bargain was made, and were called into question only after new legislation was enacted that contradicted those previously-agreed upon terms. This case is different, as the applicable law at the time of Appellee's plea — Section 9795.1 of Megan's Law II — required a lifetime registration, not the agreed-upon registration period of ten years.

_____

[11] We do not accept the Commonwealth's argument that we should reverse because, as a matter of fact in light of Megan's Law II, a ten-year registration period was not a part of the parties' bargain. Based on the evidence presented, the trial court concluded otherwise, and its conclusion was supported by the evidence and not an abuse of discretion. The cases upon which the Commonwealth relies are inapposite. As this Court has previously noted, the defendants in both *Commonwealth v. Leidig*, 956 A.2d 399 (Pa. 2008), and *Commonwealth v. Benner*, 853 A.2d 1068 (Pa. Super. 2004), "did not seek specific enforcement of their pleas under contract law principles." *Hainesworth*, 82 A.3d at 450.

"[A] plea agreement cannot contain a term proscribed by the Legislature." **Commonwealth v. Dorsey**, 421 A.2d 777, 778 (Pa. Super. 1980). The parties are bound to abide by a plea agreement only if "the plea agreement is legally possible to fulfill." **Farabaugh**, 136 A.3d at 1001. In light of Megan's Law II, Appellee's agreement to a ten-year registration term may be legally unenforceable.

Even if the agreement were unenforceable, however, Appellee still may be entitled to relief. In **Commonwealth v. Zuber**, 353 A.2d 441 (Pa. 1976), the Commonwealth agreed to recommend a sentence of seven to fifteen years' incarceration and to join with defense counsel in requesting that the Parole Board make the new sentence concurrent with Zuber's back time of four-and-one-half years from a previous conviction. **Id.** at 443. However, the Commonwealth's promise to make the request to the Parole Board "was a false and empty one," because, a statute in effect at the time the plea was entered required that new sentences be consecutive to back time. **Id.** The Pennsylvania Supreme Court held that on these facts, the appropriate remedy was to modify Zuber's sentence to two-and-one-half to fifteen years' incarceration so that it complied with both the plea agreement and the law. **Id.** at 446.

Here, neither the trial court nor the parties adequately addressed the apparent conflict between the statutory registration requirement and the agreement the parties reached, or considered whether an appropriate alternate remedy could be fashioned in light of that conflict. For this reason,

we vacate the trial court's order and remand for further proceedings. If the trial court concludes that the Commonwealth lacked discretion to waive the lifetime registration requirements and the court lacked discretion to accept a plea without a lifetime registration period,[12] the court must then, like the Court in **Zuber**, ascertain whether there is a remedy that will allow Appellee to keep the benefit of his bargain and also comply with the law.[13]

Order vacated. Case remanded for further proceedings. Jurisdiction relinquished.

---

[12] The Commonwealth has discretion to depart from some sentencing provisions. **See, e.g.**, **Commonwealth v. Pittman**, 528 A.2d 138, 142 (Pa. 1987) (discussing Commonwealth's discretion regarding mandatory minimum sentences under 42 Pa. C.S. § 9712(b)). SORNA explicitly provides that, with an exception related to juvenile offenders, "the court shall have no authority to relieve a sexual offender from the duty to register under this subchapter or to modify the requirements of this subchapter as they relate to the sexual offender." 42 Pa. C.S. § 9799.23(b)(2). The comparable provision of Megan's Law II that was in effect at the time of Appellee's plea had no similar provision, however. **See** Act No. 2000-18, § 3, P.L. 74, 77, 86-87 (May 10, 2000) (enacting 42 Pa. C.S. § 9795.3), *as amended*, Act No. 2002-127, § 4, P.L. 880, 884-85 (Oct. 17, 2002) (expired 2012). On remand, the trial court must address whether the Commonwealth had the authority to proffer the terms that it did and whether the court had authority to accept a plea containing terms potentially violative of the law in effect at the time of Appellee's plea.

[13] Nothing in our mandate precludes the trial court and parties from resolving on remand other issues that have not been identified by this Court, but are otherwise implicated by a determination regarding the validity of the instant plea agreement.

- 13 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/22/2017</u>